LAURA F. BRADHURST, Appellant, v. AUGUSTA C. FIELD et al., as Executor, etc., Respondents.

To uphold a legacy by implication, the inference from the will of the testator's intention to give the legacy must be such as to leave no hesitation in the mind of the court, and to permit of no other reasonable inference.

The will of B. directed his trustees to invest an amount of money sufficient to realize an income of $3,000 annually, and to pay such income to plaintiff during her life. By a codicil, after reciting his marriage to plaintiff since the making of the will, and that he had since "said marriage advanced to her large sums of money" for the declared "object and purpose to secure her such further sum as may be necessary for her support," he revoked the clause giving the annuity, and then provided as follows: "I further provide and give, devise and bequeath to my said wife, and direct my said trustees shall pay to her the sum of ten thousand dollars, and the same shall be in lieu of dower in my said estate." In an action for the construction of the codicil, held, that it simply gave to plaintiff the sum specified, not an annuity of that

amount; and that, as there was no ambiguity in the provision, it was not competent to receive evidence to explain it.

*In re Vowers* (113 N. Y. 569), distinguished.

(Argued October 6, 1892; decided October 28, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 31, 1892, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Frederic Kernochan* for appellant. In construing a will, when the testator's intention or general plan is clearly shown in the testamentary paper, this intention or general plan must control. (1 Redf. on Wills, 454; *Phillips* v. *Davies*, 92 N. Y. 199; *Ritch* v. *Hawxhurst*, 114 id. 512; *Colton* v. *Colton*, 127 U. S. 300.) Although the intention must be gathered from the instrument itself, extrinsic evidence is always receivable (to put the court in the position of the testator at the time he executed the same) in construing the words by which he attempts to carry out his testamentary intention. (1 Redf. on Wills [4th ed.], 569, 579; Schouler on Wills, 572, 589; *In re Hastings*, 6 Dem. 307.) The very form and construction of the testamentary instrument (will and codicil), and the very words the testator uses, force the conviction that the provision intended for plaintiff must be the bequest of an income, and not of a single sum. (*Hard* v. *Ashley*, 117 N. Y. 606; *Kellogg* v. *Mix*, 37 Conn. 243; *Thurber* v. *Chambers*, 66 N. Y. 48.) In order to carry out the intention of the testator, in view of the facts and circumstances alleged in the amended complaint (and which in this proceeding are admitted as true), the court must construe the direction given to the trustees to be a direction to pay to plaintiff the sum of $10,000 annually during her natural life, if such a construction of the words that testator has used is possible. (*McCorn* v. *McCorn*, 100 N. Y. 513.) The intention of the testator being unmistakable,

viz., to provide a support for plaintiff, his wife, and the facts and circumstances showing that the plaintiff was entirely without any support whatever at the time the codicil was executed, the court must construe the words of direction to the trustees so as to effectuate this intention, if the words will bear this construction. (*Phillips* v. *Davies*, 92 N. Y. 204; *In re Vowers*, 113 id. 572; *Roe* v. *Vingut*, 117 id. 212; *Tilden* v. *Green*, 130 id. 29; *Colton* v. *Colton*, 127 U. S. 300; *Metcalf* v. *Framingham*, 128 Mass. 374; *Bradlee* v. *Andrews*, 137 id. 500; *Goddard* v. *Whitney*, 140 id. 92; *Phelps* v. *Phelps*, 143 id. 570.)   When the third clause of the codicil is read in close connection with the third clause of the will (as it should be), it is evident that the third clause of the will is not entirely revoked, but only so much and such parts of it as provide for the payment of the annual sum of $3,000 to Mrs. L. F. Seyton. (*Hard* v. *Ashley*, 117 N. Y. 606.)

*Abram Kling* for respondents.   The codicil of decedent clearly expresses his intention to revoke the third clause of his will and to give to his widow the sum of $10,000 in lieu of dower.   (*Pierpont* v. *Patrick*, 53 N. Y. 591; *Austin* v. *Oakes*, 117 id. 598; *Hard* v. *Ashley*, Id. 613; *Viele* v. *Keeler*, 129 id. 190.)   There being no ambiguity in the terms of the will and codicil extrinsic evidence is not admissible. (10 N. Y. Supp. 454.)

*Per Curiam.*   The plaintiff brought this action to obtain a judicial construction of the will of her husband Thomas C. P. Bradhurst, deceased, and the object sought to be accomplished was to have a trust declared in the executors; under which she should be paid the sum of $10,000 annually during her life.   At the trial a motion was made for judgment upon the complaint, on the ground that no cause of action was set forth; and the question is, whether upon the allegations the plaintiff showed herself entitled to maintain such an action and to adduce evidence to establish her right to the construction claimed.   By the third clause of the will testator directed his trustees to invest an amount of money sufficient to realize an

income of $3,000 annually from the investment, and to pay such income to Mrs. L. F. Seyton, in semi-annual payments, during her life. By a codicil to his will he provided as follows, viz.:

" *Third.* I have by the third clause of my will provided that there shall be paid to Mrs. L. F. Seyton during the term of her natural life the sum of three thousand dollars, and as I have since my making of my said will become married to her, and have since my said marriage advanced to her large sums of money, and as it is my object and purpose to secure her such further sum as may be necessary for her support, I therefore revoke and declare void the said third clause or subdivision of my said will, which provides for the payment of the said sum of three thousand dollars to said Mrs. L. F. Seyton and each part thereof.

" *Fourth.* I further provide and give, devise and bequeath to my said wife, and direct my said trustees shall pay to her the sum of ten thousand dollars, and the same shall be in lieu of dower in my said estate."

The will is unskillfully drawn and, as the appellant's counsel points out, nothing in it calls for any trust scheme, or for the appointment of any trustees. But he argues that an examination of the will forces the conviction that the testator's main intention is to provide a support for the plaintiff, which object is also stated in the codicil, and that to effectuate his intention we must read into the whole instrument a trust scheme for the plaintiff's support, by means of an income paid to her for life. He insists that the codicil does not revoke the trust scheme of the will and that the court should construe the bequest of the $10,000 as a substituted bequest of such a sum annually. He contends that such a construction could and would be given, if the court were put in possession of extrinsic evidence as to all the facts and circumstances relating to the testator's estate and family and to the matters alleged in the complaint. As we read the will, however, we find no ambiguity, which calls for the admission of any evidence, and we think that we have no warrant in its language for turning a plain gift of a sum of

money into a trust for the annual payment of an income equal to that sum.

The third clause of the codicil unmistakably revokes the third clause of the will and though it speaks of a purpose " to secure her such further sum as may be necessary for her support " that is either the expression of a purpose to be effectuated outside of a testament, or it is an inapt expression to indicate the subsequent legacy of $10,000. We have gone quite far in upholding a legacy by implication; but, in the *Matter of Vowers' Will*, an illustrative case, we laid down the rule that to uphold a legacy by implication, the inference from the will of the intention must be such as to leave no hesitation in the mind of the court and to permit of no other reasonable inference. So there, where the language was, " This provision to be accepted by my wife in lieu of her dower right and distributive share in my estate, she to make her election, whether she accepts this provision of my will, within sixty days from the time of proving the same ; " and the widow made her election rejecting the provision, we held that she was entitled to such share of the personal estate as the law would have given her had the deceased died intestate. The frame and tenor of the will were such as to render the words " her distributive share of my estate " meaningless, unless they were given some force as being actually descriptive of a certain quantity of interest in the intestate's property. But we have here no necessity as calls upon us to give effect to pertinent and accurate language. We have neither language appropriate to the scheme of a trust for the plaintiff's life, nor language from which we could reasonably infer such a plan.

The conclusion we have reached is that there was no room for construction in the testator's last testament and that we should be doing violence to that rule which forbids the court from making a new will for the testator, if we were to sustain this appeal.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.