JOHN H. DREYER, Appellant, *v.* HERMAN REISMAN, Defendant, and CHARLES A. HASSELBROOK et al., Respondents, Impleaded with Others.

Will — courts cannot construct a will or import valid provisions therein, when none are expressed or implied by testator — provisions of will examined and held insufficient to convey testator's property.

1. Courts have no power to construct a will where none has in fact been made; nor to import into a will new provisions which are designed to create a testamentary disposition which is neither expressed nor necessarily to be implied.

2. A decedent left a writing purporting to be his last will and testament, in which he directed: "*First.* After all my lawful debts are paid, all funeral and testamentary expenses, I give, devise and bequeath unto my living son and daughters Charles Hasselbrook, Martha Ellen Nordbruch and Senie Meyer, share and share alike, the same to be equal divided between themselves. *Second.* All real Estat if any owned by me and the same canot be sold at a fair market price then same sall be sold at public oction." *Held,*

that whatever the intention of the testator may have been, he failed to express it, having omitted to specify the subject of the gift, and the parties must be remitted to their rights under the statutes relating to the devolution of estates by intestacy.

*Dreyer* v. *Reisman,* 136 App. Div. 796, reversed.

(Submitted June 7, 1911; decided October 3, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 18, 1910, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Nicholas Dietz* for appellant. The mere making of a will is not sufficient to dispose of an estate. (*Brown* v. *Quintard,* 177 N. Y. 83; *Leggett* v. *Stevens,* 185 N. Y. 70; *Byrnes* v. *Baer,* 86 N. Y. 120.) If the devolution of testator's property by his will is dependent upon its terms only then the will is void, because it is uncertain in its terms. (*Bayeaux* v. *Bayeaux,* 8 Paige, 332.) The omission in the will cannot be supplied under rules governing construction of wills. (Redfield on Surrogates [5th ed.], 225; *Central Trust Co.* v. *Egleston,* 185 N. Y. 23; *Will of Keleman,* 126 N. Y. 80; *Fosdick* v. *Delafield,* 2 Redf. 392; *Meyers* v. *Eddy,* 47 Barb. 266; *Leggett* v. *Stevens,* 185 N. Y. 70; *Trask* v. *Sturges,* 170 N. Y. 495; *Tilden* v. *Green,* 130 N. Y. 51; *Wager* v. *Wager,* 96 N. Y. 172; *Brown* v. *Quintard,* 177 N. Y. 84.)

*Béla D. Eisler* and *Roger Hinds* for respondents. Disregarding the paragraphing, testator's plain and unambiguous language effectually devises his real estate to the defendants Hasselbrook, Nordbruch and Meyer. (*Benjamin* v. *Welch,* 73 Hun, 371; *Govin* v. *Metz,* 79 App. Div. 461; *Phillips* v. *Davies,* 92 N. Y. 199; *Walter* v. *Ham,* 68 App. Div. 383; *Vernon* v. *Vernon,* 53 N. Y.

351; *Marion* v. *Williams,* 19 Wash. L. R. 532; *Carney* v. *Kain,* 40 W. Va. 758; *Schult* v. *Moll,* 132 N. Y. 122; *Jarnigan* v. *Conway,* 21 Tenn. 50; *Gourley* v. *Thompson,* 34 Tenn. 387.) Even if the court should refuse to construe paragraphs first and second as a single sentence the court, by supplying the proper words in paragraph first will give expression to the evident intention of the testator. (*Pond* v. *Bergh,* 10 Paige, 140; *Finlay* v. *King,* 3 Pet. 377; *Carter* v. *Bloodgood,* 3 Sandf. Ch. 321; *Covenhoven* v. *Schuler,* 2 Paige, 122; *Dew* v. *Barnes,* 54 N. C. 149; Williams on Exrs. § 1085; *McKeehan* v. *Wilson,* 53 Penn. St. 74; *Ward* v. *Stanard,* 82 App. Div. 393; *Matter of Bassett,* L. R. [14 Eq. Cas.] 57; *Aulick* v. *Wallace,* 75 Ky. 531.) The presumption that a testator does not intend to disinherit a descendant of himself is effectually overcome in this case. (*Leask* v. *Richards,* 116 App. Div. 274; 188 N. Y. 291; *Matter of Brown,* 93 App. Div. 295; *Low* v. *Harmony,* 72 App. Div. 408; *Scott* v. *Guernsey,* 48 App. Div. 106; *Prowitt* v. *Rodman,* 37 App. Div. 42.)

WERNER, J. This is an action in partition, and the plaintiff's right to maintain it depends upon the question whether one Joseph H. Hasselbrook, who died seized of the real property sought to be partitioned, left a valid will disposing of the same, or whether he died intestate. If Hasselbrook died intestate, then the plaintiff, as the only child of Hasselbrook's deceased daughter, is entitled to an undivided one-fourth part of the real property in suit; and if, on the contrary, Hasselbrook left a valid will which disposed of this real property, it is conceded that he devised it all to his own three surviving children. A short statement of the facts disclosed by the record will show how the question arises.

John H. Hasselbrook died in 1905 in the borough of Brooklyn, city of New York, leaving an estate consisting of some money on deposit in a savings bank and

two parcels of land known as Nos. 60 and 62 Franklin street in that borough.   He left a writing purporting to be his last will and testament, evidently holographic, in which he directed, "*First*. After all my lawful debts are paid, all funeral and testamentary expenses, I give, devise and bequeath unto my living son and daughters Charles Hasselbrook, Martha Ellen Nordbruch and Senie Meyer, share and share alike, the same to be equal divided between themselves.   *Second*. All real Estat if any owned by me and the same canot be sold at a fair market price then same sall be sold at public oction."   The careful reader of these material provisions of this instrument will at once perceive the question which they present.   What did the intending testator bequeath or devise?   There is no mention or description of property except in the second paragraph which contains the direction for a sale of the real estate.   The children of Hasselbrook, acting upon the assumption that the instrument was a valid will under which they became seized of their father's estate, procured the paper to be admitted to probate as a will, and then sold to the defendant Reisman the premises described in the complaint.   Later this action was brought, obviously upon the theory that Hasselbrook died intestate and that the plaintiff, his grandson, is entitled to an undivided one-fourth of the real estate above mentioned.   The courts below have upheld the contention of the defendants but we feel constrained to take a different view.   We think the defendants Hasselbrook, Nordbruch and Meyer took nothing as devisees and that they must stand upon their rights as heirs at law of their father.   This gives them each an undivided one-fourth of the estate and the remaining one-fourth goes to the plaintiff.

The making of a will naturally imports an intention to make a testamentary disposition of property.   But the intention is one thing and its execution is quite another thing.   While courts have great latitude in giving effect

to imperfectly expressed testamentary intentions, they
have no right to make wills for testators. Although a
will need not be framed in any particular or set phrase,
it must at least be so plain as to furnish some tangible
clue to the testator's intention. In cases where the lan-
guage of wills have been inexact or ambiguous the courts
have frequently transposed or inserted words or phrases,
or even left out or inserted provisions in order to effectu-
ate an intent that was with reasonable certainty to be
gathered from the context of the whole instruments.
(*Phillips* v. *Davies*, 92 N. Y. 199, 204; *Pond* v. *Bergh*,
10 Paige, 140.) Courts have no power, however, to con-
struct a will where none has in fact been made, nor to
import into a will new provisions which are designed to
create a testamentary disposition which is neither
expressed nor necessarily to be implied. (*Wager* v.
*Wager*, 96 N. Y. 164, 172.) The will before us, viewed
in the light of these simple rules, is fatally defective in a
vital point, for it fails to mention, much less to identify,
any gift, devise or legacy. The testator doubtless
intended to give his children something, else he would not
have attempted to make a will. When we pass that point
we enter the realm of surmise, conjecture and specula-
tion. It is argued that it must have been his intention
to leave them all his property, since they were the natural
objects of his bounty, and that this claim is strongly sup-
ported by the testator's direction that *all* real estate
owned by him shall be sold at public auction in case it
cannot be sold at a fair market price. This argument,
so far from being controlling, is not even convincing,
for the direction to sell at auction is in no wise incon-
sistent with a devise of only a part of the testator's real
estate. A much more cogent suggestion is found in the
fact that the plaintiff is not mentioned in the will, and
this circumstance may support the inference that there
was no intention to make him a beneficiary; but this,
after all, simply brings us back to the real question, which

is, whether the testator succeeded in making a devise to any one. That is a question which, in the nature of things, cannot often arise in the precise form in which it is presented here. There are many cases in which the subject or the object of a gift have been imperfectly identified or described, but yet with sufficient certainty to support a gift by implication. (*Marsh* v. *Hague*, 1 Edw. Ch. 174; *Matter of Vowers*, 113 N. Y. 569; *Masterson* v. *Townshend*, 123 N. Y. 458.) We have found no case, however, to support a gift by implication where, as in this instance, there is no mention, description or identification of the subject of the intended gift or devise. "To uphold a legacy by implication, the inference from the will of the intention must be such as to leave no hesitation in the mind of the court and to permit of no other reasonable inference." (*Bradhurst* v. *Field*, 135 N. Y. 564, 568.) Another case states the rule even more forcibly. "To devise an estate by implication, there must be such a strong probability of such an intention to give one, that the contrary cannot be supposed." (*Post* v. *Hover*, 33 N. Y. 593, 599.) Especially is this true when the implication sought to be drawn will result in the disinherison of an heir. (*Scott* v. *Guernsey*, 48 N. Y. 106; *Quinn* v. *Hardenbrook*, 54 N. Y. 83; *Lynes* v. *Townsend*, 33 N. Y. 558.)

We think the case at bar is not to be distinguished in principle from the case of *Brown* v. *Quintard* (177 N. Y. 75). In that case the testator left him surviving four children and a son of a deceased child. He gave his residuary estate to his executors in trust for certain purposes and directed that, at the expiration of the trust term, it be divided into four parts. One of these parts was given to a son, subject to certain reductions to meet advancements which had been made to him, and the testator directed that such reductions were to be made "in justice to my other children." The will contained no provision for the disposition of the remaining three-fourths

31

of the residuary estate. There the contention was made that under the circumstances there was plainly a devise by implication, but this court decided that the testator must be held to have died intestate as to the residuary estate, and that the inferences arising from the will were not so plain and cogent as to justify the disinherison of the grandson, who was an heir at law of the testator. In the later case of *Leggett* v. *Stevens* (185 N. Y. 70) there was a will in which there was a disposition of a certain fund to the testator's wife and an attempt to dispose of what was left of the fund after her death. The direction was that it " shall be equally divided between my adopted daughter Helen S. Eldridge * * * if she is living, if she has children to go to them, if not to go to my nearest kin on my side." The testator left a son, as well as the adopted daughter. From other parts of the will it was evident that the testator intended that, upon his wife's death, this fund should be divided between this son and the adopted daughter. But the son was not mentioned in the clause disposing of the particular fund, and we held that, although the testator's intention might be gleaned from other portions of the will, we could not import into it the name of the son for the purpose of effectuating the testator's probable intention. In the case at bar we have no safe guide except the rule that an heir shall not be disinherited unless that intention is clearly expressed by a testator or is necessarily to be implied from the provisions of his will. We may conjecture that the failure of the testator to mention in his will the grandson who now claims a share of the estate is some indication of the testator's intent. That may be so, but after all it is mere conjecture. By the same rule we may surmise that the testator's omission to describe or identify any property as the subject of his attempted devise betokens his intention to give all of his estate to his own children, but that is also pure surmise. Whatever the intention of the testator may have been he has failed to

express it, and thus there is nothing for the courts to do but to remit the parties to their rights under the statutes relating to the devolution of estates by intestacy.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, HISCOCK and COLLIN, JJ., concur.

Judgment reversed, etc.