In the Matter of the Estate of HARRIET M. STANTON, Deceased. MABEL RANDALL THOMPSON and Another, Appellants; PERRY A. MASON and Another, as Executors, etc., of HARRIET M. STANTON, Deceased, and Another, Respondents.

Fourth Department, November 12, 1930.

*Locke, Babcock, Hollister & Brown* [*Herbert W. Huntington* of counsel], for the appellant Mabel Randall (now Thompson).

*Elmer O. Brinkman,* for the appellant Betty Randall.

*Edward C. Randall,* for the executors, respondents.

*Gibbs & Williamson* [*Harry C. Williamson* of counsel], for the respondent Town of Ripley.

CROSBY, J. The only question raised on this appeal relates to the construction which the learned surrogate placed upon that paragraph of the will which reads as follows: " Also one half ($\frac{1}{2}$) of my half ($\frac{1}{2}$) to go to Mabel and Betty Randall, equal."

It has been determined that, because of the failure to mention the subject of the gift, said clause has no effect, and no property passes under it. Mabel and Betty Randall appeal from that determination. Respondents rely upon the authority of *Dreyer* v. *Reisman* (202 N. Y. 476) to sustain the decree appealed from. In that case the will read: " I give, devise and bequeath unto my living son and daughters [naming them], share and share alike, the same to be equal divided between themselves." As in the instant case, the subject of the gift was not mentioned. The following quotations are taken from the opinion in *Dreyer* v. *Reisman:* " Although a will need not be framed in any particular or set phrase, it must at least be so plain as to furnish *some tangible clue* to the testator's intention. In cases where the language of wills [has] been inexact or ambiguous, the courts have frequently transposed or *inserted words or phrases,* or even left out or *inserted provisions* in order to effectuate an intent that was with *reasonable certainty* to be gathered from the context of the whole instruments."

(Italics mine.) And again: "There are many cases in which the subject or the object of a gift have been imperfectly identified or described, but yet with sufficient certainty to support a gift by implication." In the *Dreyer* case no extrinsic evidence was produced to aid in discovering the testator's intention.

That gifts, by will, may arise by implication has been held many times, although, concededly, caution must be exercised in supplying missing words in an attempt to effectuate testator's intention. It was said in *Post* v. *Hover* (33 N. Y. 593, 599): "To devise an estate by implication, there must be such a strong probability of an intention to give one, that the contrary cannot be supposed." And this language is taken from the opinion in *Bradhurst* v. *Field* (135 N. Y. 564, 568): "To uphold a legacy by implication, the inference from the will of the intention must be such as to leave no hesitation in the mind of the court and to permit of no other reasonable inference."

In the instant case the implication that a gift was intended to be made to appellants is assisted by the facts and circumstances disclosed by the record. Leaving out of consideration the memorandum in the handwriting of testatrix which she used in dictating her will, and in which appears this entry: "Grape Juice Business, to Mabel and Betty ($\frac{1}{2}$ of my $\frac{1}{2}$)," we think that sufficient other facts appear touching the circumstances of testatrix and the condition of her property to warrant placing this case in the category of those where the court can have no hesitation in saying that the missing words describing the subject-matter of the gift can be supplied so as to carry out the intention of the testatrix. To start with, it has been stipulated that testatrix owned one-half of the outstanding stock in the Randall Grape Juice Company and that she was not the owner of a one-half interest in any other property. Furthermore, testatrix named as her legatees and devisees numerous cousins, nieces, nephews, grandnieces, grandnephews, and persons of no relation. She had no descendants, but appellants are respectively the widow and adopted daughter of her deceased son, whose estate is the owner of all the stock of the Randall Grape Juice Company not owned by the testatrix in her lifetime. From anything appearing in the record, these appellants would appear to be the natural objects of the bounty of this testatrix, and they are nowhere else mentioned in the will. Furthermore, it cannot be supposed that testatrix intended to do a vain thing; her will all through shows a serious intention.

Appellants claim all the grape juice stock which was owned by testatrix. The language of the clause in question, aided by the construction we give to it, does not justify a claim to anything

but one-half the stock owned by testatrix, that half to be divided equally between appellants, so that each will receive one-fourth of the stock that testatrix owned. One-half the stock owned by her will fall into the residuum.

The decree, so far as appealed from, should be reversed on the law and the facts, and a new provision inserted in lieu thereof construing the will as stated in the opinion, with separate bills of costs to each party appearing upon this appeal by separate attorney and filing brief payable out of the estate.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Decree, so far as appealed from, reversed on the law and the facts, and a new provision inserted in lieu thereof construing the will as stated in the opinion, with separate bills of costs to each party appearing upon this appeal by separate attorney and filing brief payable out of the estate.