In the Matter of the Estate of MAXIMILIAN KEEHN, Deceased.

Surrogate's Court, Bronx County, July 16, 1935.

*Vesta J. C. Skehan* for the executors and others.

*Pickett & Pickett* [*Walter H. Pickett* of counsel], for the respondents.

*Herbert Loewenthal*, special guardian.

HENDERSON, S. In this probate proceeding no objections were filed, but an issue has arisen as to the construction of the propounded instrument dated January 20, 1934, which I am satisfied is entitled to probate as the decedent's last will.

It is typewritten upon a printed form and was concededly prepared by the testator, a layman, who died January 1, 1935, leaving him surviving as his only distributees a widow and nine children. All are competent adults and are mentioned in the will.

After revoking all former wills, directing payment of debts and funeral expenses, appointing three executors and trustees and bequeathing ten dollars to each of three grandchildren, the testator made the following disposition of his estate:

"*Fifth.* I give, devise and bequeath to my beloved son Herbert Preston Keehn, the store, with all its furnishings, fixtures, located at 1150 Castle Hill Avenue, Borough of the Bronx, City and State of New York, with the condition that he is to pay to my Beloved Wife, Martha Keehn, in quarterly installments, a sum equal to one quarter ($\frac{1}{4}$) of the profits made on repairing and miscellaneous, and one half ($\frac{1}{2}$) of the profits made on sales of diamonds, watches and jewelry, that are in stock at time of my death, after original cost of said items is deducted.

"*Sixth.* However, in the event that the said Herbert Preston Keehn sells the said business, located at 1150 Castle Hill Avenue, Borough of the Bronx, City and State of New York, during the lifetime of my Beloved Wife, Martha Keehn, three quarters ($\frac{3}{4}$) of the proceeds thereof, shall go into and become part of the residuary estate hereinafter mentioned and described.

"*Seventh.* I give, devise and bequeath the balance and remainder of my entire estate, consisting of personal and real property, unto my Executors and Trustees in trust, however, for the following uses and purposes:

" I give consent, to the above named Executors and Trustees in case it is deemed fit and advisable to sell the property at 2248 Powell Avenue, Borough of the Bronx, City and State of New York, and it is agreeable to all concerned, that a smaller property should be bought in its stead, that they should do so, with discretion, and after such deal is transacted, any money remaining from the deal of selling the property at 2248 Powell Avenue and the purchasing of a smaller property elsewhere, should be invested in safe securities, *i. e.*, only United States Securities.

" *Eighth.* Upon the death of my said Beloved Wife, Martha Keehn, I direct that the appointment and nomination as Executors and Trustees so created in paragraph three (3) shall cease and terminate, and I hereby direct that the remaining principal thereof, shall be divided equally among the following, and I hereby give, devise and bequeath one (1) of said equal parts, each to my beloved children: Valerie Treusch, Eugene Keehn, Martha Rosenblatt, Herbert Preston Keehn, Amanda Hedwig Keehn, Helen Juliana Keehn, Thelma Grace Keehn, Jerome Maximilian Keehn and Leona Violet Keehn.

" *Ninth.* In case of the death of my son Eugene Keehn, or daughters Valerie Treusch or Martha Rosenblatt, before the estate is divided, their equal parts, according to paragraph eight (8), shall go back to the Estate of my Beloved Wife, Martha Keehn.

" *Tenth.* Should any of the gifts and bequests made by me in this Will lapse and fail for any reason whatsoever, I direct that the bequests so lapsed or failed shall go and form part of my residuary estate and be disposed of under and in accordance with the provisions of paragraph eight (8)."

The final paragraph reappoints the same three executors.

In construing any will the paramount consideration is the intent of the testator, and when ascertained, such intent must be given effect in so far as it is lawful. No evidence has been submitted, and the only extrinsic facts befor me are the uncontroverted allegations of the petition. Counsel argued concerning the consideration of a prior will used by the testator in the preparation of the propounded instrument. Although a prior will, expressly revoked by a later one, may be admissible for some purposes, it cannot be considered in seeking any intent with which the later will was made. (*Brown* v. *Quintard,* 177 N. Y. 75, 83.)

This will, however, is not without tokens of the testator's intention to provide for his wife, which, when viewed together in the light shed by the context and allied gifts, have a cumulative value in the search for such intent. (*Matter of Evans,* 234 N. Y. 42, 45, 46.) Such search clearly discloses that the testator's dominant purpose

was the adequate support of his wife as long as she lived, and that he intended to devote his residuary estate to that purpose.

He expressly provided that there should be no division of his residuary estate among his children until after the death of his widow, but he omitted in express words any direction as to its enjoyment in the meantime. His intention in that respect, however, may be gleaned from the will. Although a gift by express terms is not made in a will, a legacy by implication may be upheld where the inference from the will leaves no doubt or hesitation in the mind of the court that the testator intended to make the gift and where no other or contrary intent can be reasonably inferred from the context. (*Bradhurst* v. *Field*, 135 N. Y. 564, 568; *Masterson* v. *Townshend*, 123 id. 458, 462; *Post* v. *Hover*, 33 id. 593, 599; *Matter of Stanton*, 230 App. Div. 574, 576; *Matter of McGeehan*, 200 id. 739, 747; affd., 237 N. Y. 575; *Whitney* v. *Whitney*, 63 Hun, 59, 78.)

The testator gave the remaining principal of his residuary estate to all his children in equal shares, but expressly withheld their possession and enjoyment thereof until after the death of his widow. A devise of realty to the heirs of a testator after the death of the latter's wife, or a similar bequest of personalty to his next of kin, confers upon the widow an estate for life by implication. (*Macy* v. *Sawyer*, 66 How. Pr. 381, 384; *Doughty* v. *Stillwell*, 1 Bradf. 300, 311; *Rathbone* v. *Dyckman*, 3 Paige, 9, 27.)

Under the present will, however, the widow takes no life estate because of the testator's clear intention to create a trust which must be given effect in the absence of any invalidity.

There is nothing in the will from which that particular disposition of the remaining principal can reasonably be accounted for except upon the indubitable inference that the testator intended to give his wife the trust income during her life. Equally inferable is his intent that she should occupy the Powell avenue property until its sale, and subsequently any " smaller property " that might be purchased under the terms of the will. Likewise his use of the words " remaining principal " in the direction to divide " the remaining principal thereof " when read with the rest of the will, clearly denotes his intention that part of the " principal " of the residuary trust should be used, if necessary, for the support of his widow. Otherwise the word " remaining " must be discarded entirely. There is nothing in the will to intimate that the expression was not used in its ordinary meaning of " the principal which is left after some of it has been taken away."

The words " a smaller property " were intended by the testator to mean " a smaller dwelling " which his widow could occupy after the sale of the Powell avenue house. His directions that

certain shares of the remaining principal " go back to the estate " of his wife upon the occurrence of specified contingencies, when considered with the entire testamentary scheme, denote his intention that they pass by her will or by her intestacy as though part of her " estate " after the termination of the trust, the duration of which he has explicitly fixed. The words " before the estate is divided " refer to the time when such division is directed to be made, and not to the time of actual division.

The provisions of the will relating to the residuary estate are accordingly construed to create a valid trust of the residuary estate, including the possible augmentation thereof by part of the proceeds of the sale of the jewelry business. The trust terminates at the death of the widow. The trust income is payable to the widow who also has the right to occupy the specified realty until its sale and, thereafter, any smaller property that may be purchased as provided in the will. The trustees are empowered to sell the Powell avenue property in their discretion. If they sell that property, they are empowered to invest the proceeds, or part thereof, in the purchase of a smaller property. Such power to purchase, however, can be exercised only with the consent of all the persons then interested in the trust. The trustees are also authorized to invade the trust principal, if necessary, for the support of the widow.

Under the testator's words of present gift in the eighth paragraph, each of his children is vested with a one-ninth interest in the trust remainder, subject to being divested in whole or in part by one-ninth of the principal that may be used for the widow's support. The interest of each child named in the ninth paragraph is also subject to being entirely defeated and divested by its death during the widow's lifetime. In the event of such death, its one-third interest in the remainder thereupon vests in the widow subject only to the right of invasion for her support, and passes to her estate upon her death to be disposed of under her will or distributed to her distributees if she die intestate. (*Matter of Watson*, 262 N. Y. 284, 299.)

The other questioned provisions of the will relate to the testator's specific gift to Herbert Preston Keehn and are construed as follows:

The testator's gift to his son of " the store, with all its furnishings, fixtures," included the testator's jewelry business conducted in the specified store and its stock in trade and good will, together with his right to occupy the premises. Such intention is clearly demonstrated by the conditions which he attached to this legacy in the fifth and sixth paragraphs of the will. The word " profits " as twice used in the fifth paragraph was intended by the testator to mean the amounts received for such repair work and on such sales

of the stock purchased by him, diminished only by actual expenditures for material or parts in the case of repairs and by the original cost of the stock purchased by the testator in the case of sales. The testamentary provision to pay part of the proceeds of the sale of such business into the residuary trust is a condition attached to the son's legacy in substitution for the condition whereby the widow was entitled to share in the profits of the business. It becomes effective only in the event of a sale during the widow's lifetime. By such provision the testator intended that his widow should continue to receive some income from his jewelry business even if sold by the legatee, in addition to the income from his original residuary estate.

Settle decree admitting the will to probate and construing the same accordingly.