In the Matter of the Accounting of MONTGOMERY COUNTY TRUST COMPANY OF AMSTERDAM, as Administrator C. T. A. of MARY CURRY, Deceased.

Surrogate's Court, Kings County, December 6, 1947.

*D. Robert Kaplan* for administrator.

*Edward J. McCann*, special guardian for Michael J. Powers and others, incompetent persons.

*George W. Cornell* for Ellen Walters and another, respondents.

*Mark P. Stumpf* for St. Anthony's Guild.

*Nathaniel L. Goldstein, Attorney-General* (*Louis E. Cooper* of counsel), for State Department of Mental Hygiene.

*Fred M. Ahern* for State Tax Commission.

McGarey, S. Construction of the will of testatrix, dated March 15, 1928, is requested by the administrator *c. t. a.*, incidental to its accounting to determine whether she validly and effectively disposed of her entire estate or whether she died intestate as to any portion thereof.

Testatrix died in March, 1943, survived by two sisters, Margaret, who is designated in the will as Maggie, and Ellen, and a brother, John, as her only distributees. Of the three, Ellen is still living, Margaret and John having both died testate

respectively in August, 1943, and October, 1944. She named Maggie as executrix and appointed the latter's husband as executor in the event of her predeceasing testatrix.

It is apparent from the form and content of the will that its draftsman was not familiar with the proper legal phraseology of testamentary instruments.

The first subdivision of her will directed that, after the payment of her debts, " one half of all that I may possess at the time of my death " be paid to a religious institution. In the third subdivision thereof, she limited the extent of her benefaction for her sister Ellen to a bequest of $1, giving her reasons therefor, and followed this bequest with express directions in the fourth subdivision for the erection of a headstone at a cost not to exceed $500 and a request that her sister Maggie, as executrix, provide for perpetual care of her grave.

It is not questioned by any of the interested parties that to the extent above indicated testatrix effectively disposed of a portion of her assets by will, and to that extent her property passes pursuant to her testamentary directions.

The only question to be determined is whether testatrix died testate or intestate in respect to that portion of her property remaining after the payment of her debts, administration expenses, the cost of her monument and perpetual care of her grave, and the satisfaction of her gifts to the institution and to her sister Ellen.

Testatrix doubtless intended to dispose of her entire estate by will, else she would not have limited, as she did, her bequest to her sister Ellen to a nominal gift of $1. Furthermore, the fact that, at the very outset, she devised and bequeathed to the institution " one half of all that I may possess at the time of my death ", coupled with subsequent provisions hereinabove referred to, was indicative that at the time of the making of the will, she was thinking in terms of her whole estate and that she did not intend to die intestate as to any part thereof.

Whether this apparent intent to die testate with respect to the whole of her property may be made effective depends upon the construction to be given to the second subdivision of the will which is found between the separate provisions for the religious institution and for her sister Ellen.

That the testatrix intended by such provision, read in its setting in the will as a whole, to dispose of that which remained of her estate is not questioned. The extent of her benefaction to her brother John in such residue was, however, at the most, a precatory disposition in his favor, to be exercised, if at all,

only by Maggie in the sole exercise of her judgment. Dispute, however, exists as to whether, by said provision, testatrix effectively disposed of her entire residue so that intestacy would not result, the discretionary power of disposition never having been exercised by Maggie prior to her decease.

Two interpretations bearing upon the intent of testatrix have been suggested. Those who contend for an intestate distribution of the residue urge that testatrix intended Maggie to have nothing more than a discretionary power to determine what their brother John was to receive, if anything, from the residue; that the devise and bequest is " To my brother John Curry ", and not to Maggie, and the words " I leave to my sister, Maggie Powers " in the light of the wording immediately following this phrase should be construed as leaving to Maggie the sole authority of determining how much, if anything, John was to receive, and that only to the extent that the residue, or any portion thereof, was given to John through the exercise by Maggie of the discretionary power in trust, would there be a testate disposition of the residue, and that, consequently, intestacy results in respect to the whole of the residue, as the power in trust was never exercised. On the other hand, it is claimed by those favoring a complete testate disposition of the residue that testatrix intended that the residue was to go to Maggie in her individual right, and for the latter to determine in her own judgment what their brother, John, was to receive of the residue, if anything.

Explicit words of gift are not necessary to the existence of a testamentary disposition of property. A bequest or devise may be made by mere implication (*Matter of Birdsell*, 271 App. Div. 90, 96, and cases cited therein, affd. 296 N. Y. 840). A gift by implication cannot be upheld unless the intent to make a gift is so readily ascertained that no other reasonable inference is possible. It is sustained only upon the principle of carrying into effect the intention of the testator, and unless such intention appears from the examination of the whole will, there can be no gift by implication. Stating the rule in another way, the probability of such an intention must be so strong that the contrary cannot be supposed (*Post* v. *Hover*, 33 N. Y. 593, 598–599; *Masterson* v. *Townshend*, 123 N. Y. 458, 462; *Close* v. *Farmers' L. & T. Co.*, 195 N. Y. 92, 100; *Dreyer* v. *Reisman*, 202 N. Y. 476, 481; *Matter of McGeehan*, 200 App. Div. 739, 747, affd. 237 N. Y. 575; *Matter of Stanton*, 230 App. Div. 574, 576; *Matter of Keehn*, 156 Misc. 259, 263, affd. 248 App. Div. 697.) Conversely, such a gift cannot be sustained

where the inference from the will is such as leaves doubt in the mind of the court and permits of any other reasonable inference.

Were the intention of testatrix susceptible of either of the two interpretations of purpose as contended for, then no gift by implication may be inferred. Where the purpose of the testator is obscure, the courts "*  *  * would not be justified in straining to recognize an implication which [they] cannot find." (*Matter of Winburn,* 265 N. Y. 366, 375.) However, when the intent derived from the whole instrument "*  *  * is certain or inevitable, courts can readily perceive an implication in the absence of direct expression and we should strive to prevent intestacy and to give effect to intent as we conceive it not only from expressed language but from omissions. This purpose will not be obstructed by the use of awkward or inapposite words inadvertently employed." (*Matter of Winburn, supra,* p. 375.)

Can we reasonably say that testatrix wanted Ellen to receive only $1; John to receive only so much, if anything, as Maggie wanted to give him, and that she did not wish Maggie to receive anything in her individual right, rather preferring that the residue, to the extent that it was not received by John, was to be disposed of as intestate property? Such a conclusion would only defeat the plain purpose of the testatrix, and is wholly unwarranted by the provision in question when read in the context of the will as a whole. It has been said that in determining the intent of a testator, the court must assume that the decedent contemplated the reasonable and natural construction of the language used, rather than that which would produce an absurd and illogical result (*Matter of Farmers' L. & T. Co.,* 189 N. Y. 202, 205).

The law indulges a presumption that a testator intends to dispose of his entire estate and does not intend to die intestate as to any part of it, and in the construction of doubtful clauses in a will, that interpretation is to be adopted, if possible, which avoids a partial intestacy (*Meeks* v. *Meeks,* 161 N. Y. 66, 71). This presumption is particularly strong where the subject of the gift is of the residuary estate (*Matter of Birdsell,* 271 App. Div. 90, 95, *supra*). Where the clause disposing of the residue is ambiguous, the courts will give it a broad rather than a restricted interpretation in order to avoid partial or complete intestacy (*Wright* v. *Wright,* 225 N. Y. 329, 340).

The basic question, therefore, is whether there is sufficient **evidence** from the will itself that testatrix intended **Maggie**

to have the residue with a precatory disposition in favor of John. The entire tenor of the instrument makes that plain by implication. Although inexpertly and inartistically prepared, the will contains a definite testamentary plan by testatrix to dispose of her entire estate. At the outset, she dedicates one half of her property to a religious institution for purpose of providing for masses. Out of the remaining half, she provides for the erection of a headstone and perpetual care of her grave. In giving consideration to her only heirs, namely her two sisters and brother, she made it clear that Ellen was to receive only $1, and John was to get only so much as Maggie wanted to give him, if anything. This was the extent of her benefactions for Ellen and John. The disposition in favor of John could only be predicated upon a gift to Maggie individually of that which remained after the satisfaction of the gifts to the institution and Ellen and the payment of the cost of the monument and perpetual care.

Although the words used in expressing such intent may be inaccurate and inartistic, the language did not stifle testatrix' intention in that respect. If any doubt exists, it is only to the clarity of expression to provide for Maggie, in whom she had implicit confidence, in her individual right, but the declared purpose to so provide for her is sufficiently strong to admit of no other inference.

" In the construction of a testamentary disposition, where the language is unskillful, or inaccurate, but the intent can be clearly collected from the writing, it is the duty of the court to give effect to that intent, subject only to the proviso that no rule of law is thereby violated. (1 R. S. 748, § 2; *Purdy* v. *Hayt,* 92 N. Y. 454.) Courts have, from an early day, repeatedly upheld devises by implication, where no gift of the premises seems to have been made in the will, in formal language. (*Goodright* v. *Hoskins,* 9 East. 306; *Jackson* v. *Billinger,* 18 Johns. 368; *Matter of Vowers,* 113 N. Y. 369.)

" They are justified in so doing whenever such a construction expresses what the testator manifestly intended to express." (*Masterson* v. *Townshend,* 123 N. Y. 458, 462, *supra.*)

In the case at bar, there is in the will itself, as a whole, sufficient expression of an intention to leave the residue outright to Maggie, to which was attached only a precatory disposition in favor of John. This conclusion is the only reasonable inference to be drawn from the will, and the contrary cannot be supposed.

The power of the court to transpose words or names or clauses for the purpose of giving grammatical expression to an

intention that otherwise appears from the instrument as a whole requires no abundant citation of authority (see *First Nat. Bank & Trust Co.* v. *Palmer,* 261 N. Y. 13, 17; *Matter of Birdsell,* 271 App. Div. 90, 94, *supra,* and cases cited therein).

If testatrix, in disposing of the residue, had said: " I leave to my sister, Maggie Powers, to use her judgment as to what my brother, John Curry, is to receive, if anything ", no one would contend that the result of such a provision, when read in the whole frame of the will, was to create less than an outright gift of the residue to Maggie with a precatory gift of the whole or part thereof, if anything, for John.

" It is possible that such form would have been a little plainer than the one in question, but not much, and it is too well settled to require the citation of authorities that the intent of the testatrix will not be defeated by the injudicious use of punctuation or by the substitution for some perfectly apt word of one less so, providing her meaning can reasonably be found." (*Mee* v. *Gordon,* 187 N. Y. 400, 404–405.)

The presumption here of an outright gift by implication of the residue to Maggie with a precatory gift of the whole or any part thereof, if anything, to John, is so well founded as to make it free from doubt. The presumption is independent of conjecture but, rather, is based on circumstances which leave no hesitation in the mind of the court as to what was the purpose of the testatrix.

Where the plain and definite purposes of the will, as in the instant case, are endangered by inept or inaccurate modes of expression, it becomes the duty of the court to subordinate the inadequate shortcomings of the language to the plainly manifested intent. " The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view to-day. A promise may be lacking, and yet the whole writing may be ' instinct with an obligation,' imperfectly expressed." (*Wood* v. *Duff-Gordon,* 222 N. Y. 88, 91.)

It is, therefore, not unreasonable, in order to effectuate the obvious intention of testatrix herein, to hold that an outright gift of the residue was made to Maggie by necessary implication. In so doing, the court is not rewriting or reforming the will, but, rather, is giving an equitable, just and obvious intention to a will poorly worded. This is a legitimate judicial function which it is its duty to exercise in order to effectuate the manifest intention of testatrix (*Matter of Birdsell, supra,* p. 94). The Court of Appeals in *First Nat. Bank & Trust Co.* v. *Palmer*

(261 N. Y. 13, *supra*) stated, at pages 17–18: " \* \* \* when an intention clearly appears on the face of the instrument, the courts should not defeat that intention by any rules of grammar or rhetoric."

A review of the authorities pertinent to gifts by implication both antedating and subsequent to the cases of *Masterson* v. *Townshend* (*supra*), and *Dreyer* v. *Reisman* (*supra*), which present the two distinct and extreme lines of decisions in the Court of Appeals bearing upon interpretation by implication, confirms the statement by Mr. Justice CARSWELL, in the *Matter of Selner* (261 App. Div. 618, 620, affd. 287 N. Y. 664) that: " The rule is easy of statement but its application is frequently provocative of controversy."

It has been said that in the work of judicial construction, the courts cannot, of course, predicate certainty of its conclusions as to intent. At the most, they will give that construction to a will which has " \* \* \* in its favor the balance of reasons and probabilities, and will act upon that." (*Weeks* v. *Cornwell*, 104 N. Y. 325, 336–337.) " Precedents and rules, frequently, have but slight value in interpreting wills; for those instruments are rarely, and, in the nature of things, are not likely to be, similar in terms." (*Robinson* v. *Martin*, 200 N. Y. 159, 164.) For these reasons, the court believes it unnecessary to further extend this decision by citation of and reference to case decisions. Suffice to say that, in reaching the determination herein, the court has considered all of the authorities cited by the interested parties and the many decisions it found as a result of its own and independent research.

The court accordingly construes the will of testatrix as granting by implication to her sister, Maggie, individually, all of her real and personal property, after the payment of debts, the cost of the monument and perpetual care and the satisfaction of the gifts to the institution and her sister, Ellen. The court further holds that the provision intended for her brother, John, is wholly precatory and does not qualify or limit the absoluteness of the testamentary disposition in favor of her sister, Maggie.

Submit decree, on notice, in accordance herewith.