Christopher C. McGrath, S.
Upon the settlement of their account the trustees request a construction of the decedent’s will and a determination as to the distribution of one of the trusts included in their account.
Decedent died in 1946 survived by his wife. In his will he divided his residuary estate into two parts and directed that two trusts be set up, one representing 80% of the residuary estate and the other for 20% of the residuary. The net income from the 80% trust was payable to the decedent’s widow for her life and the net income of the 20% trust was payable to the decedent’s sister, Margaret, during her life. The testator further provided that in the event that his sister, Margaret, *1075 predeceased Ms wife, then and in that event the income from both portions of his residuary estate was to be paid to the testator’s wife. This contingency occurred when Margaret died in 1950. Thereafter the net income from both the 80% trust as well as the 20% trust was paid to the decedent’s widow.
The decedent’s widow died in 1956 and the trustees have filed their account in which they have petitioned for a construction of the decedent’s will with reference to the disposition of the principal of the 20% trust.
The language of the will which requires construction reads as follows:
“sixth: (b) In the event that my sister, Margaret wilson, predeceases my wife, besse p. wilson, then and in that event the income from both portions of my residuary estate shall be paid to the use of my wife, besse p. wilson, during her life. * # *
“ (f) On the expiration of the trust set up herein for my wife, besse p. wilson, or in the event that she predeceases me, on my death the 80 per cent portion of my residuary estate shall be divided into seven (7) portions, representing one portion for each of my sisters or their descendants, as follows: annie vose of Tilton, New Hampshire; jennie dearborn of Tilton, New Hampshire; Margaret wilson of Bennington, New Hampshire; eva r. cleaves of Wilton, New Hampshire; Elizabeth m. hill of Londonderry, New Hampshire, and the following deceased sisters: grace faulconer; minnie keeser * * *
“ (h) On the death of my sister, Margaret wilson, providing she survive my wife, besse p. wilson, the portion of my estate set aside to provide her with an income shall likewise be divided into as many shares as I have sisters me surviving, or represented by descendants, and I devise and bequeath to each of my said sisters me surviving, or the descendants of such sister, represented by descendants, one such share, per stirpes and not per capita.”
The question has been raised whether the decedent disposed of all of the trust corpus to his sisters named in subparagraph (f) or whether there is an intestacy of 20% of the trust estate.
It is unnecessary to cite the authorities that support the fundamental proposition that in every will construction controversy, the intention of the testator is the paramount guide and must be ascertained within the confines of the will itself.
As heretofore indicated, the contingency contemplated under subparagraph (b) occurred and at her death the decedent’s widow was receiving all the income from both trusts, which in reality had become one trust of 100% of the residuary estate.
*1076 A careful analysis of the language of subparagraph (f) discloses that the testator had a definite testamentary plan in mind when his will was drawn which contemplated two separate and distinct situations. The first scheme contemplated the disposition of the entire corpus to his sisters on the expiration of the trust set up for his wife. The second design the testator had in mind pertained to the disposal of the 80% trust for his wife in the event she predeceased him, and he stated specifically that the 80% portion of his residuary estate was to be given to his sisters “ on my death.”
Since the second event did not occur and since at the expiration of the widow’s trust, she was receiving all the income of the entire corpus of both trusts, it is apparent that any construction of this paragraph which would result in an intestacy would negate the real meaning and the manifest intention of the testator. This conclusion is borne out by the language in subparagraph (h) of article sixth where the testator disposed of the 20% trust “ likewise ” to the same persons referred to in subparagraph (f) after the death of his sister, Margaret, providing she survive the testator’s wife.
The questioned gift to the decedent’s sisters and their descendants is sustainable by the application of the principle of a gift by implication. It is implicit from reading this will that the testator’s interest was solely in his sisters and their descendants after a primary and dominant purpose to provide for his wife and his sister, Margaret, had been accomplished. Although gifts by implication are not favored, they will be given effect when it clearly appears to be the testator’s intention (Matter of Selner, 261 App. Div. 618, affd. 287 N. Y. 664; First Nat. Bank & Trust Co. v. Palmer, 261 N. Y. 13; Matter of Frankenthal, 116 N. Y. S. 2d 229) and this principle will also be applied where the express purpose of the will would be completely frustrated by an omission of a circumstance that is so obvious that only carelessness would have caused it (Matter of Birdsell, 271 App. Div. 90, affd. 296 N. Y. 840; Matter of Haber, 281 App. Div. 383, affd. 306 N. Y. 706; Masterson v. Townshend, 123 N. Y. 458, 462; Matter of Keehn, 156 Misc. 259, 263).
The court therefore holds that the corpus of the 80% trust and of the 20% trust is to be disposed of in accordance with the terms of subparagraph (f) of article sixth of the decedent’s will.
All other objections not disposed of herein are dismissed for lack of merit.
Settle decree judicially settling the account of the trustees and construing the will accordingly.