Harry G. Herman, S.
The court has before it the task of construing decedent’s will, more particularly the provisions relating to the disposition of the trust principal.
Decedent died January 17, 1941, leaving a will which was admitted to probate by this court on March 21, 1941. He was survived by a wife, Kathryn; a sister, Sarah Ann Bardsley; John Gilbert Nield and Arthur Taylor Nield, sons of John Herbert Nield, a deceased brother; and Allan Davies, son of Elizabeth Davies, a deceased sister. On April 4, 1944, Sarah Ann Bardsley died survived by Elsie Bardsley Davies and Olive Bardsley. John Gilbert Nield died November 6, 1957, survived by a daughter Marjorie Nield Austin. Kathryn T. Nield, the widow of decedent, died April 5, 1963.
After providing for bequests to his wife, sister, brother-in-law, three nephews, two nieces, grandnephew, two grandnieces and a sister-in-law, in amounts commensurate with the degree of relationship, the testator established a residuary trust, 90% of the income from which was to be paid to his wife for life and 10% of the said income was to be paid to his said sister. As to the income payable to his sister, provision was made to continue to pay the said income upon the death of his sister to his niece Olive Bardsley. The trust was to continue so long as his wife lived and remained unmarried. The sister, Sarah Ann Bardsley, died April 4, 1944. The trust terminated upon the death of the widow in April, 1963, and the problem arises as to the disposition of the trust corpus, as the will is silent as to any disposition should the sister predecease the widow.
In view of the death of the testator, childless, the provision in paragraph “ sixth ” for gift over to his children is of no effect.
Paragraph “ seventh ” of the will reads as follows: “ If, upon the death or remarriage of my said wife there shall be no child or descendant of mine then living, but my said sister Sarah Ann Bardsley shall be then living, I direct my executors and/or trustees to pay the net income of said trust estate in semi-annual installments, or such more frequent installments as my executors and/or trustees may find convenient, to my said sister, Sarah Ann Bardsley, during her life. Upon her death I give, bequeath and devise all the principal or corpus of said trust estate in equal shares to my nephews Allan Davies, John Gilbert Nield and Arthur Taylor Nield, and to my nieces Elsie Bardsley Davies and Olive Bardsley, if they are all then living. If any of my said nephews or nieces be then dead, I give bequeath and devise the shares of those who have died to their children per stirpes and not per capita.”
*1012 The will continues to provide in other contingencies, which have not occurred, that his estate be distributed to his said sister, and nieces and nephews or their issue, some of the same persons earlier mentioned in his will. Paragraph ‘£ tenth ’ ’ of the will gives his wife, even though she may have remarried, a power of appointment but only in the event that his sister and all the issue of his brothers and sisters shall have predeceased his wife. The same paragraph further provides that should she fail to exercise said power then his property would be distributed as if he had died intestate.
The executor of the estate of decedent’s widow urges that as the will contained no provision as to the disposition of the trust if the sister predeceased the widow, then an intestacy resulted and the widow’s estate would receive half of the trust and the other half would go to decedent’s other distributees as of the date of his death in 1941.
Testator intended to dispose of all his property by his will for not only are there six pages of detailed testamentary instructions as to his residuary estate but he spells out the circumstances under which his property is to be treated as intestate property. Secondly, he does not leave to speculation the primary objects of his affection. They are his wife, sister and children of deceased brothers and sisters, in the order named.
Three possible conclusions have been advanced by counsel: (1) That the property devolve equally to Olive Bardsley, Arthur Taylor Nield, Allan Davies, Marjorie Nield Austin and Elsie Bardsley Davies upon the theory of gifts by implication. (2) That failure to expressly provide for the contingency which occurred (the predecease of the sister), results in an intestacy which would cause the widow’s estate to share in the estate. (3) That even though intestacy is found, the widow’s estate would not participate in the residuary distribution by reason of paragraph “ nineteenth ” of the will which provides that the wife’s share of the testamentary estate is in lieu of all other interests she might have in the estate.
Involved herein is the theory of a gift by implication. The estate of the widow relies strongly upon two recent decisions of the Court of Appeals, Matter of Englis (2 N Y 2d 395) and Matter of Slater (3 N Y 2d 109) both of which rejected gifts by implication. A frequently cited authority in support of the implied gift theory is the holding by the Appellate Division, Second Department, in Matter of Selner (261 App. Div. 618, affd. 287 N. Y. 664) which has not been overruled by Matter of Englis or Matter of Slater. Substantiation for this conclusion is found in Matter of Englis (p. 402) where the court said: *1013 16 There are, of course, situations where common sense and justice require that the courts Correct situations resulting from obvious error of omissions in wills. Such was the Seiner case.” (Emphasis supplied.) (See, also, Matter of Lynde, 28 Mise 2d 174.)
The Court of Appeals, in Matter of Englis (supra, p. 403) went on to say: “ This will differs from those in the various cases cited by the Surrogate in his opinion, in all of which cited cases the people to whom legacies by implication were declared were those who from the whole tenor of the will were in all possibility the ones to whom the testator wanted his estate to go in certain contingencies. In other words, in those cases one could discover a group of people to whom as a group the testator limited his beneficience. ”
This court is here convinced that to give maximum effect to the intention of the testator, which is paramount, it is proper to utilize the rule of bequest by implication as a construction aid.
A reading of the entire will reveals a carefully planned effort to provide for the full disposition of his property in all contingencies. The inescapable conclusion from the detailed dis-positive language is that the testator expected his will to dispose of all his estate. There are, of course, innumerable court pronouncements that a finding of intestacy is to be avoided if reasonably possible (Matter of Hayes, 263 N. Y. 219). The presumption that a person by making a will intends to dispose of his entire estate (Hadcox v. Cody, 213 N. Y. 570; Matter of Hayes) is particularly strong where the property in question, as is the situation at bar, is part of the residuary estate (Matter of Birdsell, 271 App. Div. 90, affd. 296 N. Y. 840).
The primary objects of testator’s affection are easily discernible from the will. First and foremost was his wife, if she did not remarry, for whom a trust of 90% of the income was provided. His sister came next and was also a trust beneficiary. Finally came the nieces and nephews or their children. In each instance where a trust is provided depending upon who survived, save one, the trust principal is to go to the said nieces and nephews or their children. In only one remote contingency is the widow given power of appointment over the property. That contingency is as described in paragraph “ tbítth ” of the will: “ In the event that I should die without issue and that my sister, Sarah Ann Bardsley, should die before me or should die after me and during the lifetime of my said wife, and that during the lifetime of my said wife, all the *1014 issue of. my brother and all of my sisters should also die, then ’ And to further emphasize the testator ’s intention to avoid an intestacy reference is made to the language in the same paragraph of the will whereby he expressly sets forth the situation in which his property would be distributed according to the laws of intestacy.
To sustain the argument of the widow’s estate would be to distort the testamentary plan and would deprive the very people, who were the objects of his bounty, from receiving their full interests. (See, also, Matter of Wilson, 7 Misc 2d 1073; Matter of Haber, 281 App. Div. 383, affd. 306 N. Y. 706.) Likewise to so hold could well result in an incongruity for it should be emphasized that the trust for the wife was to terminate either upon death or her remarriage. Should the wife have remarried subsequent to the sister’s death which occurred in 1944, her estate would have been entitled to her intestate share if the present argument of her estate were sustained.
It is the conclusion of this court that this case is one which falls within the gift by implication rule as enunciated in Matter of Seiner (261 App. Div. 618, 620-621, supra) where “ the property or estate claimed to be bequeathed or devised by implication, in a contingency which has occurred, has been made the subject of an express bequest or devise in another contingency, which did not occur, then effect may be given to such bequest or devise by implication, in the contingency which did occur, if * * * the entire will makes manifest that such was the intention of the testator.” The ommission of the one contingency which did occur, namely, the death of the wife subsequent to that of the sister, in light of what has heretofore been said, can only be explained as one of inadvertence..
The court holds that the trust corpus is distributable equally to Allan Davies, Arthur T. Meld, Marjorie Meld Austin, Elsie Bardsley Davies and Olive Bardsley.
In light of the foregoing there is no necessity to discuss at length the third possible conclusion previously mentioned. Settle decree.