In the Matter of the Estate of LOUISE KOURBAGE, Deceased.

Surrogate's Court, Kings County, November 17, 1966.

*Lian & Geringer* for John Kourbage, petitioner.

EDWARD S. SILVER, J. In this construction proceeding a determination of invalidity is sought of the provisions of the testatrix' will restraining the sale and mortgage of a parcel of real property of which testatrix died seized and possessed. Testatrix died on January 3, 1949; her will, a holograph written partly in Arabic and partly in English, was admitted to probate on April 28, 1949. Testatrix left her surviving three sons, John, Alfred and Joseph, and a daughter Alice, who is unmarried.

Under the terms of the will, testatrix devised her real property consisting of a four-family house to John and Alice, as tenants in common, with a right of occupancy therein to Alfred for life. The will further provided that the house should not be sold as long as Alice is single, and that no more mortgages should be placed thereon. Alice and Alfred reside in the house, but John lives elsewhere. The condition of the property is such that extensive repairs are necessary to make it habitable and rentable.

It is alleged that in order to raise the funds necessary to finance such repairs, a mortgage must be placed upon the property. However, John does not wish to incumber his share of the property with a mortgage, and it has been proposed that John sell his one-half share to Alfred, who will then proceed to place a mortgage upon the property to obtain the necessary funds. In this proceeding the court is requested to declare invalid the testamentary restraints on the sale of the property while Alice remains single and that no more mortgages should be placed upon it. All of the necessary parties, including Alice, have consented to the proposed sale and mortgage.

Where a will contains a conditional prohibition against the sale or mortgage of real property, the court may authorize such sale or mortgage where an emergency arises (*Matter of Roche,* 233 App. Div. 236, mod. 259 N. Y. 458). As Surrogate Foley stated in *Matter of Pulitzer* (139 Misc. 575, 579, affd. 237 App. Div. 808); '' The law, in the case of necessity, reads into the will an implied power of sale.'' It is alleged that the property in question is in such a state of deterioration that unless substantial repairs are made, the property may become uninhabitable with a resulting decrease in value. The will omits any express provision for the actual present situation, where the sale is between members of the family, and the mortgage is necessary to prevent the possible destruction of a substantial asset. This is one of the '' situations where common sense and justice require that the courts correct situations resulting from obvious error or omissions in wills '' (*Matter of Englis,* 2 N Y 2d 395, 402; *Matter of Nield,* 42 Misc 2d 1010, 1013).

It appears obvious to the court, in the circumstances present, that the will provisions must be altered for the benefit of all, especially in view of the consent of all parties to the proposed sale and mortgage. An interpretation which stops at the letter of a particular clause may miss the spirit of the whole document (*Matter of Fabbri,* 2 N Y 2d 236, 240). It is fair to assume that the restraint upon alienation, as long as Alice remains single.

was intended by testatrix to insure that Alice would have adequate support and maintenance up to the time that her future husband should assume that obligation. Under the present circumstances, the proposed sale and mortgage will actually advance testatrix' dominant purpose with respect to her unmarried daughter, rather than defeat it. In the light of the purpose for which the restraint against the sale and mortgage of the real property was intended, and the facts and circumstances presented herein, the court grants the present application to the extent of allowing John Kourbage to sell his one-half interest in the said property to Alfred Kourbage, and further allowing the property to be mortgaged in the amount and for the purpose set forth in the petition and supplemental affidavit.