In the Matter of the Will of MICHAEL WINBURN, Deceased.

MAURICE WINEBURGH et al., Appellants; MARIE WINBURN et al., Respondents.

(Argued October 17, 1934; decided November 20, 1934.)

*Joseph M. Proskauer, Walter D. Yankauer, J. Alvin Van Bergh* and *Harry Silverman* for appellants.

*J. Joseph Lilly* for John Winburn et al., respondents.

*Stuart G. Gibboney* for Marie Winburn, respondent.

*James F. Donnelly* and *Bert Cohen* for City Bank Farmers Trust Company et al., as executors and trustees, et al., respondents.

O'BRIEN, J.   Michael Winburn, who died in November, 1930, was survived by his wife, two sisters and numerous other relatives.   His will makes particular provision for his wife and sisters and some of his other relatives, friends and many charitable organizations.   One of his brothers, as an heir at law and next of kin, brought this proceeding for the construction of the forty-first paragraph

of the will which deals with the residuary estate. By this paragraph the testator directs certain disposition in the event of the survival of his wife and also in the event of her predecease or her death simultaneous with him. This is his language:

"I direct that all the rest, residue and remainder of my estate, real, personal or mixed, of whatsoever kind, nature and character, wheresoever the same may be or be situated at the time of my decease, be divided into three shares - or parts as hereinafter described and disposed of as follows:

"One (1) share or part consisting of fifty per cent (50%) of my said residuary estate; the second (2nd) share or part consisting of twenty-five per cent (25%) thereof; the third (3rd) share or part consisting of twenty-five per cent (25%) thereof.

"(a) I give devise and bequeath the first share or part consisting of fifty per cent (50%) of my residuary estate, to my Executors and Trustees hereinafter named, in trust nevertheless, for the following uses and purposes; to collect and receive the rents, interest, income and dividends therefrom (hereinafter referred to as income) and to pay the net income therefrom after deducting all proper charges and expenses to my beloved wife, Marie Winburn, in equal quarterly instalments, and upon the decease of my said wife, to pay over, grant and convey Two hundred and fifty thousand ($250,000) Dollars of the principal of said trust fund, to La Nouvelle Etoile des Petits Enfants de France as an endowment fund and the income therefrom shall be used solely for the benefit, support and maintenance of the ' Foundation Winburn ' situated at Courbevoie (Seine) Republic of France.

"(b) In the event that The Peoples Dispensary for Sick Animals of the Poor (Incorporated) of London, England, accept in writing the legacy left to this Society in paragraph ' Twenty-second,' of this my Last Will and Testament, I give, devise and bequeath to the People's Dis-

pensary for Sick Animals of the Poor (Incorporated) of London, England, the sum of Two hundred and fifty thousand ($250,000.) Dollars of the capital of said trust fund created for the benefit of my wife, Marie Winburn, during her life, as an endowment fund, the income therefrom to be used solely for the purposes of support, maintenance and upkeep of the ' Foundation Winburn pour Animaux ' situated in or near Paris, Republic of France. In the event that the People's Dispensary for Sick Animals of the Poor, (Incorporated) of London, England, refuse the legacy mentioned in paragraph ' Twenty-second ' of this my Last Will and Testament, then this bequest of Two hundred and fifty thousand ($250,000.) Dollars shall not go into effect, and same shall revert to my residuary estate.

" (c) In case of the death of my wife, Marie Winburn, before me or simultaneously with me, the said trust estate herein created for her benefit, shall not go into existence and the principal thereof shall be disposed of as above indicated to wit: Two hundred and fifty thousand ($250,000.) Dollars to the Nouvelle Etoile des Petits Enfants de France as an endowment fund for the benefit of the ' Foundation Winburn ' situated at Courbevoie (Seine) Republic of France; and Two hundred and fifty thousand ($250,000.) Dollars to The People's Dispensary for Sick Animals of the Poor, (Incorporated) of London, England, as an endowment fund for the benefit of the ' Foundation Winburn pour Animaux ' in or near Paris, Republic of France. In the event that this latter Society does not comply with stipulations set forth in paragraph ' Twenty-second ' of this my Last Will and Testament, then this said bequest shall not go into effect, and same, together with all the balance and remainder of the principal of the trust fund created for the benefit of my wife, Marie Winburn, shall revert to my residuary estate and become part of the trust estates created for the benefit of my sisters, Carrie Shelley and Ida Schnitzer, share and

share alike, according to sections (d) and (e) of this paragraph as follows:

" (d) I give, devise and bequeath the second share or part, consisting of twenty-five per cent (25%) of my residuary estate, to my Executors and Trustees hereinafter named, in trust nevertheless, for the following uses and purposes: to collect and receive the rents, interest, income and dividends therefrom (hereinafter referred to as income) and to pay the net income therefrom, after deducting all proper charges and expenses, to my sister, Carrie Shelley, in equal quarterly instalments during the term of her natural life, and upon her decease the said trust estate shall cease and determine, and the principal thereof I give and bequeath to my nephew, Harold M. Shelley, or in case of his prior death, to his issue, share and share alike, *per stirpes* and not *per capita*. In case of the death of my said sister, Carrie Shelley, before me, in such event the trust estate herein created for her benefit shall not go into effect, and I give and bequeath the said second share or part consisting of twenty-five per cent (25%) of my residuary estate to my nephew Harold M. Shelley, or in case of his prior death to his issue, share and share alike, *per stirpes* and not *per capita*.

" (e) I give, devise and bequeath the third share or part, consisting of twenty-five per cent (25%) of my residuary estate, to my Executors and Trustees hereinafter named, in trust nevertheless, for the following uses and purposes: To collect and receive the rents, interest, income and dividends therefrom (hereinafter referred to as income) and to pay the net income therefrom, after deducting all proper charges and expenses, to my sister, Ida Schnitzer, in equal quarterly instalments during the term of her natural life; and upon her decease the said trust estate shall cease and determine, and the principal thereof I give, devise and bequeath to my niece, Annette Evans, or in case of her prior death, to her issue, share and share alike, *per stirpes* and not *per capita*. In case of

the death of my said sister, Ida Schnitzer, before me, in such event the trust estate herein created for her benefit shall not go into effect and I give and bequeath the said third share or part consisting of twenty-five per cent (25%) of my residuary estate, to my niece, Annette Evans, or in case of her prior death to her issue, share and share alike *per stirpes* and not *per capita.*"

The income from the trust created by subdivision (a) and consisting of one-half of the residuary estate is payable to the widow during her life, but, " upon the decease of my said wife," the sum of $250,000 of the principal of the trust fund shall be paid to an institution for children and a further sum of $250,000 paid, under conditions with which compliance has been had, to a society for the care of animals. By subdivisions (a) and (b) the testator thus indicates, in the event that his wife survives him, a partial disposition of one-half of the residuary, but in neither of these subdivisions nor elsewhere in the will does he express any intent respecting the disposition of the balance of this one-half of the residuary. The failure to dispose of this portion is in marked contrast to the disposal of all the principal of the trusts created under subdivisions (d) and (e) for the lives of the testator's two sisters. Unless an intent to dispose in some definite way of all the principal of the widow's trust, in the event of her survival, can be deemed implied by other parts of the will, no reasonable ground can be discovered for construing subdivisions (a) and (b) in any manner except as creating an intestacy as to part of it.

Respondents argue that by a reasonable interpretation of subdivision (c) partial intestacy can be avoided. We do not so construe the testator's intent as implied by the language of this part of his will. Subdivisions (d) and (e) provide that in case of the death, before him, of the testator's sisters therein respectively mentioned, " in such event the trust estate herein created for her benefit shall not go into effect " and in each instance bequeaths the

sister's share to a designated individual. Whether the sisters or either of them survive or predecease the testator, subdivisions (d) and (e) definitely dispose of two quarters of the residuary estate. If the widow dies before the testator or simultaneously with him, subdivision (c) makes an equally definite disposal of the other half. If she survives him, subdivisions (a) and (b) leave an hiatus which we think has not been filled by subdivision (c). We can infer from the language of (c) no intent except a purpose to cause its operation only in the event of the wife's death prior to or with that of the testator. To reach a different conclusion would, in our opinion, require a more violent disregard of plain language than this court has ever sanctioned. (*Matter of Schriever*, 221 N. Y. 268; *Close* v. *Farmers' Loan & Trust Co.*, 195 N. Y. 92; *First Nat. Bank & Trust Co.* v. *Palmer*, 261 N. Y. 13.) Nothing can be clearer than this opening clause: " (c) In case of the death of my wife, Marie Winburn, before me or simultaneously with me, the said trust estate herein created for her benefit, shall not go into existence and the principal thereof shall be disposed of as above indicated to wit."

The draftsmen of this will in unmistakable language provides that in case of the wife's death prior to or simultaneously with the testator's death the trust created for her benefit shall not go into existence and employs the expression " as above indicated to wit " and proceeds to use language by which $250,000 is bequeathed to the children's home and $250,000 to the institution for animals with the same conditions attached as those prescribed in the preceding subdivision and provides that in the event of failure of compliance with conditions the " said bequest shall not go into effect " and " the same," together with all the balance of the wife's trust fund, shall revert to the residuary estate, and become part of the trusts created for the benefit of the sisters. The predominant thought in paragraph (c) is the determination

to prevent the existence of a trust for the wife's benefit, if she dies before or at the same time as the testator and transfer of all the funds of the trust created under subdivision (a) to the trusts created under (d) and (e). There are two subordinate ideas; whether the wife survives or predeceases the testator, the provision in (c) for the two institutions is the same as in (a) and (b). In any event, Nouvelle Etoile des Petits Enfants de France is to receive the bequest of $250,000 and in the event of compliance with conditions, the Peoples Dispensary for Sick Animals is to receive an equal sum. The words " this said bequest " and " same " must necessarily refer to the bequest for the Peoples Dispensary. Under (c) the trusts created under (d) and (e) shall be augmented by the fund created for the wife under (a) minus the sum of $250,000 in any event or the sum of $500,000 depending upon the animal society's compliance with conditions. A careful reading of subdivision (c) cannot, in our opinion, justify any reasonable inference from the expressions used by the draftsmen except the inference that the principal of the trust created for the wife, with the deduction of the two bequests to the institutions, was intended to become part of the trust estates created for the sisters only in the event of the wife's death before or simultaneously with the death of the testator.

Conceivably the testator did not intend the result which we are bound to infer from the omission in (a) and (b) and his words as expressed in (c) but we cannot hold from his language that his purpose in reference to the disposal of his residuary was the same whether his wife should survive him or should die with him or before him. It is not unreasonable to suppose that, if his wife should survive, he would rest content that, after she had enjoyed the income of half the residuary as long as she might live, part of that half should later be devoted to all those entitled to share in its distribution under the statute. His preference could be based upon logic or he could act

without regard for it. The will is his and cannot be redrafted.by this court. Whatever the probabilities may be, we cannot indulge in speculation relating to his intent but must be controlled by the language of the entire will considered in relation to each part. When the intent derived from the whole instrument is certain or inevitable, courts can readily perceive an implication in the absence of direct expression and we should strive to prevent intestacy and to give effect to intent as we conceive it not only from expressed language but also from omissions. This purpose will not be obstructed by the use of awkward or inapposite words inadvertently employed. The purpose of this testator is, however, obscure and we would not be justified in straining to recognize an implication which we cannot find.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and the matter remitted to the Surrogate to proceed in accordance with this opinion, with costs in all courts to all parties payable out of the estate.

POUND, Ch. J., CROUCH and LOUGHRAN, JJ., concur; CRANE and HUBBS, JJ., dissent; LEHMAN, J., not sitting.

Ordered accordingly.