In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Trustee under the Will of ANNIE M. CUMMINGS, Deceased, Respondent. LILLIAN CUMMINGS, Individually and as Administratrix of the Estate of GEORGE S. CUMMINGS, Deceased, et al., Appellants; EDITH A. MERRITT, Respondent.

COHN, J. (dissenting). The son, George Schrader Cummings, having attained the age of twenty-one years and having failed to exercise the power of appointment provided for in clause first, subdivision (b), of the will, the remainder interest of the trust is distributable as in the case of the intestacy of Annie Maude Cummings. The clause in question, which created a trust fund, specifically directed the trustees to pay the income of that fund to George Schrader Cummings for his life and upon his decease to pay over the principal as he might by will appoint. It also provided that in the event of the death of the son George before he arrived at the age of twenty-one years, the income was to be paid to the husband of the testatrix and upon his death the principal was to go to her sister, Edith Agnes Merritt. The son did not exercise the power of appointment and he did not die before arriving at the age of twenty-one years. Concededly the will made no provision for the contingency that actually arose, namely, the death of the son after attaining the age of twenty-one years without having exercised the power of appointment. Accordingly, as to the remainder interest of that trust, the deceased Annie Maude Cummings died intestate.

This is a case of contingency not provided for in the will. In the absence of a disposition by will, the statute, not the court, provides for the disposition of the estate. (*Matter of Durand,* 250 N. Y. 45, 55.) By exercising the power of appointment after he had reached the age of twenty-one years, George

Schrader Cummings could have disposed of the principal as he saw fit. The power of appointment precluded any implication of a gift of the remainder to the testatrix' sister after the son attained his majority. The testatrix here either intentionally or unintentionally made no provision in her will for the disposition of the corpus of the trust in question under the contingency that has arisen. Such omission cannot be supplied by judicial interpretation. (*Matter of Winburn*, 265 N. Y. 366, 375; *Matter of Van Namee*, 54 N. Y. S. 2d 614, 616, FOLEY, S.; *Matter of Hylin*, 61 N. Y. S. 2d 642, 644, 645.)

The decree, so far as appealed from, should be modified by striking therefrom the first decretal paragraph and substituting therefor a determination that as to the remainder interest of the trust created by clause first, subdivision (b), of her will the deceased died intestate and such remainder interest is distributable to Lillian Cummings and Harriet Cummings Kondolf in equal shares.

Glennon, J. P., Dore, Callahan and Shientag, JJ., concur in decision; Cohn, J., dissents in opinion.

Decree, so far as appealed from, affirmed, with costs to the respondent Edith Agnes Merritt payable out of the fund. No opinion.