In the Matter of the Accounting of MANUFACTURERS AND TRADERS TRUST COMPANY, as Trustee under the Will of HENRY HABER, Deceased, Respondent. EDDA WIMPFHEIMER et al., Appellants; BELLA STERN, Respondent.

Fourth Department, March 18, 1953.

*George W. Percy* for appellants.

*Charles K. Baecher* for Manufacturers and Traders Trust Company, respondent.

*Robert R. Slaughter* for Bella Stern, respondent.

McCURN, J. The will of Henry Haber, deceased, after providing for the payment of his debts and funeral expenses provides in the Second, Third, Fourth, Fifth and Sixth paragraphs for bequests in money to several named relatives. The Seventh paragraph devises and bequeaths the remainder of his estate to his executor in trust to divide such remainder into three equal parts and

" 2nd) — Pay one-third of the net income quarterly of said trust fund to my brother, Joshua Haber, of Quoque, Long Island, during his natural life. Upon the death of said Joshua Haber, or should he predecease me, then and in that event, the residue of said shares shall be paid to the children of said Joshua Haber, share and share alike.

" 3rd) — Pay one-third of the net income quarterly of said trust fund to my brother, Joshua Haber, of Quoque, Long Island, during his natural life. Should my said brother, Joshua Haber predecease me, then and in that event such residue shall be divided into as many portions as there shall be children surviving said Joshua Haber, and the income therefrom shall be paid to each of said children respectively until they reach the age of Twenty-five years, at which time the principal of said estate shall be paid to him or her. Should any of said children predecease me, or die prior to reaching the age of twenty-five years, then and in that event, the share so devised shall be divided equally between the surviving children."

It will be observed that subdivision 3d unlike subdivision 2d omits to dispose of the corpus in the contingency that Joshua outlives the testator. The testator died in 1943 and his brother Joshua died in 1951. The Surrogate has held that the testator died intestate as to the remainder of the one-third share which is the subject of subdivision 3d of paragraph Seventh of his will. The children of Joshua appeal.

Our courts have long recognized that a bequest or devise may be accomplished by implication (*Masterson* v. *Townshend,* 123 N. Y. 458; *Matter of Hoffman,* 201 N. Y. 247; *Bishop* v. *Bishop,* 257 N. Y. 40, 50).

Our courts have also long recognized that no power resides in the courts to rewrite a will, or to import into a will new provisions to create a testamentary disposition not expressed or necessarily to be implied (*Dreyer* v. *Reisman,* 202 N. Y. 476; *Matter of Winburn,* 265 N. Y. 366). The court in the latter case, however, stated at page 375: " When the intent derived from the whole instrument is certain or inevitable, courts can readily perceive an implication in the absence of direct expression and we should strive to prevent intestacy and to give effect to intent as we conceive it not only from expressed language but also from omissions. This purpose will not be obstructed by the use of awkward or inapposite words inadvertently employed."

Examination of the will before us reveals that after directing the payment of his debts and funeral expenses, the testator made five cash bequests and provided in each instance an alternative bequest should the legatee first named predecease him. He then proceeded to dispose of the residuary of his estate. The inference is clear and strong from the will itself that he did not intend to die intestate as to any part of his estate. Such inference is strengthened by the legal presumption that where one has made a will he intended to dispose of his entire estate and did not intend to die intestate as to any part of it (see *Hadcox* v. *Cody,* 213 N. Y. 570; *Matter of Hayes,* 263 N. Y. 219). The presumption is particularly strong where the property in question is part of the residuary estate (*Matter of Birdsell,* 271 App. Div. 90, 95, affd. 296 N. Y. 840). A construction which will result in intestacy as to any part of the estate is to be avoided if possible (*Matter of Hayes,* 263 N. Y. 219, 225, *supra*).

The second sentence of subdivision 3d of paragraph Seventh reads: " Should my said brother, Joshua Haber predecease me, then and in that event *such residue* shall be divided into as many portions as there shall be children surviving said Joshua Haber, \* \* \*." (Emphasis supplied.) The words " such residue " would be appropriate only in the event that Joshua survived the testator, otherwise the gift to Joshua's children would amount to a whole of the one third mentioned in the first sentence. In paragraph Eighth he expresses his desire that his trustee expend so much of the principal as may be necessary for the comfort, maintenance and education of the legatees. Inclusion of the word " education " shows his concern for

Joshua's children as there are no other trust beneficiaries who appear to have been in the age category common to educational needs. It would be contrary to the tenor of the whole will and entirely implausible that the testator would desire to benefit the children of Joshua if Joshua predeceased him, and to die intestate as to the same property, if Joshua survived him. We reach the conclusion from a reading of the entire will that the testator did not intend to die intestate and that it was his intention that by the 3d subdivision of paragraph Seventh, the children of Joshua should benefit the same in either the contingency that Joshua predeceased or survived him.

In such circumstances the law will imply a bequest in order to give effect to the evident purpose of the testator. The applicable rule is well stated in *Matter of Selner* (261 App. Div. 618, 620–621, affd. 287 N. Y. 664): "If, however, the property or estate claimed to be bequeathed or devised by implication, in a contingency which has occurred, has been made the subject of an express bequest or devise in another contingency, which did not occur, then effect may be given to such bequest or devise by implication, in the contingency which did occur, if a reading of the entire will makes manifest that such was the intention of the testator. When courts have refused to sustain a bequest or devise by implication, the will did not mention the property or estate, or did not direct in any specified contingency any disposition of it, and thus it did not furnish a basis in language of the testator from which to imply such an intent." (See, also, *Matter of Birdsell,* 271 App. Div. 90, affd. 296 N. Y. 840, *supra,* and *Matter of Cummings,* 273 App. Div. 951, affd. 298 N. Y. 665.)

We conclude that by subdivision 3d of paragraph Seventh of his will the testator by implication bequeathed the residue remaining after the death of Joshua Haber to the children of Joshua Haber in the same manner as though Joshua Haber had predeceased the testator.

The decree appealed from should be reversed and the matter remitted to the Surrogate to proceed in accordance with this opinion.

KIMBALL, J. (dissenting). While recognizing the presumption against intestacy, we are of opinion that to imply a testamentary disposition in subdivision " 3rd " of paragraph " Seventh " of this will, after the death of testator's brother, is, in effect, writing a new will. Clause " 3rd " set up a separate and independent trust, the income of which was to be paid and, in fact, was paid, to the brother during his natural life. No provision was made by the testator for the disposition of a remainder

interest. No remaindermen were mentioned by name or otherwise. All that the testator did was to devise and bequeath the corpus of the trust to his brother's children, "Should my said brother, Joshua Haber, predecease me." In order to hold that, upon the brother's death, a remainder interest was to go to the brother's children, it is necessary to insert in the will the words "upon the death of my said brother." We think the testator's intention to devise and bequeath a remainder interest to the brother's children may not be necessarily implied. What the testator's intention was in regard to a remainder interest, if such interest eventuated, is completely unknown since he made no mention of such an interest in subdivision "3rd" or in any other subdivision or paragraph of the will. In this respect, this case is distinguishable from *Matter of Selner* (261 App. Div. 618). There is here no contingency whatsoever mentioned in Haber's will, on the happening of which a remainder interest would come into existence. To create a remainder interest in the brother's children requires an implication based only on surmise and speculation. To uphold a legacy by implication the inference of intention must be compelling. (*Bradhurst* v. *Field,* 135 N. Y. 564; *Post* v. *Hover,* 33 N. Y. 593.) It is our opinion that the remaining corpus of the trust must be distributed as in intestacy. (*Matter of Winburn,* 265 N. Y. 366; *Dreyer* v. *Reisman,* 202 N. Y. 476; *Leggett* v. *Stevens,* 185 N. Y. 70; *Brown* v. *Quintard,* 177 N. Y. 75.)

TAYLOR, P. J., and WHEELER, J., concur with McCURN, J.; KIMBALL, J., dissents and votes for affirmance in an opinion, in which VAUGHAN, J., concurs.

Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Decree reversed on the law and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion, with costs to the appellants.