In the Matter of the Construction of the Will of CHARLES M. ENGLIS, Deceased.

Surrogate's Court, New York County, November 5, 1954.

*Edmund M. Beecroft* for Bankers Trust Company, as trustee under the will of Charles M. Englis, deceased, petitioner.

*J. Quincy Hunsicker, 3d,* for Hanover Bank, as executor of Ruth E. Whittlesey, deceased, respondent.

*Chauncey L. Grant* for Russell E. Melcher, Jr., and others, respondents.

*George Gruberg* and *Marie C. Connolly* for Fiduciary Trust Company of New York and another, as executors of John Englis, deceased, respondents.

*David R. J. Arnold,* special guardian for Janice Melcher, an infant, respondent.

COLLINS, S. The court construes the will as containing, by necessary implication, a gift of the remainder under existing circumstances to such of the testator's sisters as were living at the termination of the trust and to the issue per stirpes of any deceased sister. The guiding principle of construction in this case has been stated thus: " If * * * the property or estate claimed to be bequeathed or devised by implication, in a contingency which has occurred, has been made the subject of an express bequest or devise in another contingency, which did not occur, then effect may be given to such bequest or devise by implication, in the contingency which did occur, if a reading of the entire will makes manifest that such was the intention of the testator." (*Matter of Selner*, 261 App. Div. 618, 620–621, affd. 287 N. Y. 664.) That statement of the rule was explicitly approved and applied in *Matter of Birdsell* (271 App. Div. 90, 97, affd. 296 N. Y. 840) and in *Matter of Haber* (281 App. Div. 383, 386, affd. 306 N. Y. 706). The same principle was applied in *Matter of Cummings* (273 App. Div. 951, affd. 298 N. Y. 665).

Paragraph eleventh of the will now before the court creates two separate trusts, both for the primary life use of the widow. The secondary life beneficiary of one trust was the testator's son. His daughter had the second life use of the other trust fund. We are concerned here with the son's trust. Upon the death of the son, the principal of that share is disposed of in several contingencies: first, it is bequeathed to the son's descendants; secondly, if no issue survives the son, then, it is to go to the testator's daughter; thirdly, if the daughter be then dead, the corpus is given to the daughter's issue. The provisions of the other trust parallel this, with remainder to the daughter's issue, or to the son, or to his issue.

Paragraph twelfth of the will reads: " If on the death of my wife both of my said children shall be dead without leaving issue them surviving, then I direct that the principal of the trust funds constituting my residuary estate shall be divided equally among my sisters who shall be living at that time, and the issue of such of them as shall die leaving issue, such issue to take per stirpes and not per capita."

The widow was the first to die. The daughter survived her by several years. The son, the last of the family, is now dead. Neither child of the testator ever had any children. It thus appears that the contingency that actually happened is not explicitly covered by the language of the will. The will explicitly bequeaths the remainder to the sisters in the event that both son and daughter predeceased the wife, neither of them leaving

issue. However, both outlived their mother. It also explicitly covers the situation where they survived the widow and one died survived by issue, or by the other one of them, or by issue of the latter. The son was living when the trust for the daughter terminated and so the will explicitly provided for the disposition of that fund. The son, however, was not survived by the daughter, or by issue of either of them.

It seems to the court that the whole tenor of the will manifests an intent to give the remainder to the sisters if at the trust's termination, no descendant of the testator is living. The implication of an intent to so bequeath the remainder meets the required test that it be so compelling as to leave no hesitation in the mind of the court and that the text of the will permit of no other reasonable inference. (*Bradhurst* v. *Field,* 135 N. Y. 564, 568; *Post* v. *Hover,* 33 N. Y. 593, 599.) The testator has explicitly said that if the trust terminated because of one series of events, and there were then none of his descendants surviving, the property should go to his nearest kin. Can it reasonably be supposed that he intended any different disposition because a different sequence of events terminated the trust, even though his nearest relatives were precisely the same in both situations? It seems to the court that the words, " If on the death of my wife both of my said children shall be dead without leaving issue them surviving " were intended to express the same thought as if he had said: " If on the termination of the trust both of my children shall be dead without leaving issue." That interpretation is all the more easily made when the same will would require the same kind of construction in its eleventh paragraph in the contingency that the son predeceased the widow, leaving issue. There the will explicitly gives the remainder to issue upon " the death of my said son." Obviously the testator did not mean to make the remainder payable during the widow's lifetime. Nor did he intend to vest the remainder indefeasibly during her lifetime. Unless we read the words, " Upon the death of my said son " as meaning " Upon the termination of the trust ", we would do violence to an intent that is plainly revealed. The testator's plan necessitates a like reading of the twelfth paragraph.

This interpretation of the will harmonizes with the general testamentary plan that is outlined by the entire will. No other inference seems to the court reasonably possible. No doubt can fairly exist as to the testamentary intent.

One other suggested construction requires consideration. It is argued that the will vested the remainder in the daughter as

of testator's death, subject to divestiture if (a) the son left issue, or (b) the daughter died leaving issue. That interpretation is contrary to the plain terms of the will. The gift to issue of the son is primary and direct. The gift to the daughter is secondary and in the alternative. The testator said: '' If my said son shall leave no issue him surviving, *then* I give the principal \* \* \* to my daughter.'' He next provided that '' if she shall also be dead at the time of the death of my said son, \* \* \* *then* I give the principal '' to her issue. Vesting was postponed in all events until his son's death should release the assets from the trust.

The time for filing objections to the account is extended until the expiration of eight days from the publication of this decision. The attorneys for petitioner are directed to file promptly an affidavit of legal services.

Proceed accordingly.