### (March 13, 1956)

■ In the Matter of the Accounting of Bankers Trust Company, as Surviving Trustee under the Will of Charles M. Englis, Deceased, Respondent. Hanover Bank, as Executor of Ruth E. Whittlesey, Deceased, et al., Appellants; Russell W. Melcher et al., Respondents.

Breitel, J. P. (dissenting). I dissent and vote to reverse the decree of the learned Surrogate insofar as it construed the will to imply a gift in favor of testator's sisters, per stirpes.

The will made a perfectly understandable disposition of the residuary estate to the wife, with life interests thereafter in favor of the children, and eventual remainder to surviving grandchildren, subject to cross-remainders, if either of the children died without issue. This, over the prospect of the long years, exhausted the concern of the testator with his **property.**

The sisters are mentioned but once in the will, and the gift to them is made in the single eventuality which never occurred. That eventuality — death of the wife after the children died without issue — would in all likelihood occur only after a reasonably short interval from the testator's death. This showed a relatively collateral interest in disposing of the estate to the sisters. It is entirely unlike the situation where the expressed intention of the will is to make a gift, a number of eventualities are stipulated, but the event that did occur is omitted.

The decisions and the texts contain a great deal of language with ambivalent effect. There is a presumption against intestacy. But it is also necessary that there be a manifest and plain intention of the testator before a gift will be implied. No express words of gift are necessary but, on the other hand, the courts will not rewrite the will. Gifts by implication are not favored, but they will be given effect when it clearly appears that that is the intention (e.g. Thompson on Wills [3d ed.], § 223; 2 Page on Wills [3d ed.], § 930; *First Nat. Bank & Trust Co.* v. *Palmer,* 261 N. Y. 13; *Matter of Selner,* 261 App. Div. 618, affd. 287 N. Y. 664).

What is clear is that, where there is patent mistake in the draftsmanship of the will (*Matter of Selner, supra*), or where the express purpose of the will would become completely frustrated by omission of a circumstance that was so obvious that only carelessness would have caused it, a gift will be implied (*Matter of Birdsell,* 271 App. Div. 90, affd. 296 N. Y. 840; *Matter of Haber,* 281 App. Div. 383, affd. 306 N. Y. 706). What marks this case from the others is not that testator intended intestacy, but that he had exhausted his dispositive intention which he had completely expressed. There is nothing left to imply, and intestacy results.

Thus, the testator's intentions having been exhausted with respect to the contingencies expressly covered in the will, there is no occasion to speculate what his intention would be, if he had been required to consider the circumstances that have in fact occurred. His sisters were only incidental objects of his bounty. They were not only collateral in blood, but they were collateral in interest. His interest was in his descendants. An omission there might have supplied a ground for an implied gift. But the interest in his sisters did not persist beyond the death of testator's widow, if, at that time, there were children surviving. Accordingly, there is no occasion to rewrite the will to benefit such collateral relatives twenty-seven years after the death of testator. (See *Matter of Maybaum,* 296 N. Y. 201, 205, and *Matter of Durand,* 250 N. Y. 45.)

The decree should be reversed insofar as it construes the will to provide a gift by implication in favor of testator's sister, per stirpes, and it should be held that with the exhaustion of the testator's descending line his intention, too, was exhausted, and that the estate should pass by intestacy.

Botein, Cox and Frank, JJ., concur in decision; Breitel, J. P., dissents and votes to reverse in opinion, in which Rabin, J., concurs.

Decree, so far as appealed from, affirmed, with costs to all parties appearing and filing briefs herein payable out of the estate. [207 Misc. 262.]