S. Samuel Di Falco, S.
In this proceeding to settle its intermediate and final accounts, the trustee has petitioned for construction of subdivisions (e), (f) and (g) of article Sixthly of the decedent’s will.
The testator died in 1904 survived by his wife and seven children. By his will he gave one fifth of his estate to his wife outright and created a trust of the remaining four fifths of his residuary estate for her benefit during her lifetime. Upon her death he directed that the residuary trust held for her benefit be divided into seven equal parts and made distribution of each of such parts to his seven children in various manners. With respect to his three daughters, the testator in subdivisions (e), (f) and (g) of article Sixthly created three trusts of their respective one-seventh shares in his residuary estate, directing that one fifth of the principal of each trust be paid to each daughter upon her arriving at the age of 30 and that the balance of each trust be held in trust for her life. The question of construction arises because of the language used by the testator in disposing of the remainders upon the death of his daughters. The text disposing of the remainders is identical with respect to each of the trusts created under subdivisions (e), (f) and (g) of article Sixthly and reads as follows: ‘ ‘ Should my said daughter, * * *, die before the final distribution to her of the share or portion herein provided for her leaving lawful issue her surviving then I direct that such share or portion, or unadvanced balance thereof, shall be paid to such issue, in equal shares, share and share alike, but should my said daughter die before such final distribution of the share or portion herein provided for her, *644 without leaving issue her surviving then I direct that such share or portion, or unadvanced balance thereof, with all unexpended accumulations, shall be paid to her surviving sisters and brothers and the issue, if any of any deceased sister or brother, such issue to take the share which the parent would have taken under this clause, if living, per stirpes and not per capita.” (Emphasis added.)
There are two problems posed. Does the inept language used by the will draftsman, to wit: ‘ ‘ Should my said daughter * * * die before distribution to her of the share or portion herein provided for her ” require a distribution of the remainders as intestate property and if it is not to be distributed as intestate property did the testator, who died prior to the enactment of section 47-a of the Decedent Estate Law, intend a per stirpes or per capita distribution of such remainders 1
All of the parties interested in this proceeding urge a construction that will avoid intestacy and effect a per stirpes distribution to the issue of the deceased life beneficiaries of the respective trusts or in default of such issue, td surviving brothers and sisters and their issue per stirpes as directed by the testator. The cases dealing with both problems are legion and support the construction urged by all of the interested parties. (Phillips v. Davies, 92 N. Y. 199; Roe v. Vingut, 117 N. Y. 204; Matter of Gallien, 247 N. Y. 195; Matter of Winburn, 265 N. Y. 366; Matter of Selner, 287 N. Y. 664; Matter of Cutter, 4 A D 2d 966, affd. 5 N Y 2d 1018; Matter of Fabbri, 2 N Y 2d 236; Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354; Matter of Good, 304 N. Y. 110.)
The intent of the testator to make an orderly devolution and distribution of his estate is plainly discernible from a reading of the entire will. As, whenever legally possible, it is the duty of the court to effectuate the testator’s intent, the court adopts the construction proposed by all of the parties to this proceeding.