Pierson B. Hildreth, S.
In this accounting a construction of the will is required to determine the disposition of the trust after the death of the primary income beneficiary. The question is whether the trust has terminated and, if so, to whom the *581 corpus is now payable, or whether the trust should continue for the life of the second income beneficiary.
Testator died August 1, 1959 survived by his wife, Grace, who died November 28,1965, by a son, Robert, who is still living, and by a grandson, William, who is still living.
By his will dated December 18, 1958 and a codicil to such will dated January 8, 1959 testator created a trust of his residuary estate. He provided (Article Seventh, clause A) that if his wife survived him (which she did) that she be paid the income from the trust and that she have a power of appointment by will over the principal. He then provided by clause B that if his wife predeceased him, ‘1 or on her death in the event that the power of appointment given her in the preceding clause of this will has not been exercised by her 3 3 that one half of the trust income be paid to his son, Robert, and the other half to his grandson, William, until William reached age 30. When William reached age 30 one fourth of the principal was payable to William, and the trust income would then be paid two thirds to his son, Robert, and one third to his grandson, William, until William reached age 35. When William reached age 35 one third of the remaining principal was payable to him and thereafter all trust income from the remaining corpus would be paid to testator’s son, Robert. He finally provided by clause 0 that on the death of his son, Robert, or on the death of his wife, if Ms son predeceased his wife, or upon Ms own death, if both the son and his wife predeceased him, the corpus be distributed to his grandson, William, or to the then living issue of the grandson if the grandson had predeceased his wife. The provisions of Article Seventh of the will read as follows:
“ A. In ease my wife, grace, shall survive me, the Trustees shall pay the income from said Trust to or for the benefit of my wife, Grace, in quarter-annual installments. In the event that the income from said Trust is less than Six thousand and 00/100 ($6000.00) Dollars per annum, my Trustees shall pay from principal to my wife, grace, the difference between said annual income and the sum of Six thousand and 00/100 ($6000.00) Dollars.
"I further direct that my wife shall have the right to dispose by will to any person or persons of so much of the principal of said Trust as shall not have been distributed.
“ B. In the event that my wife shall predecease me, or on her death in the event that the power of appointment given to her in the preceding clause of this Will has not been exercised by her, my Trustees shall pay one-half (1/2) of the income of the Trust in quarter-annual installments to or for the benefit of my son, *582 robert briggs, and one-half (1/2) of the income of the Trust in quarter-annual installments to or for the benefit of my grandchild, william j. briggs. I further direct my Trustees to pay one-quarter (1/4) of the principal of said Trust to my grandson, william j. briggs, on his thirtieth (30th) birthday, and that thereafter two-thirds (2/3) of the income of said Trust shall be paid to or for the benefit of my son, robert briggs, and one-third (1/3) of the income to or for the benefit of my grandson, william j. briggs, in quarter-annual installments. My trustees shall pay one-third (1/3) of the then remaining principal of said Trust to my grandson, william j. briggs, on his thirty-fifth (35th) birthday. After the thirty-fifth (35th) birthday of my grandson, william j. briggs, my Trustees shall pay all the income from the remaining principal or said Trust to my son, robert briggs, in quarter-annual installments.
“My Trustees shall be further authorized, in their absolute discretion, to apply from principal an amount not to exceed One thousand and 00/100 ($1000.00) Dollars in any calendar year for emergencies, to or for each of the following: My son, robert, my daughter-in-law, Catherine and my grandson, william j. briggs.
“ C. Upon the death of my son, robert, or upon the death of my wife, grace, if he should predecease her, or upon my death in the event that both my son, robert, and my wife, grace should predecease me, the then corpus of this Trust or my residuary estate, as the case may be, shall be distributed to my grandson, william j. briggs, or in the event my grandson has predeceased my wife, grace, and my son robert, the then corpus of this Trust or my residuary estate, as the case may be, shall be paid to the then living issue of my grandson, william j. briggs, in equal shares per stirpes. In default of any such then living issue, the then corpus of this Trust or my residuary estate, as the case may be, shall be paid in equal shares to hazel rose meter, ESTELLE GERTRUDE BRIGGS, and JOSEPHINE BRIGGS, Or the Survivor or survivors thereof.”
About three weeks after making his will, testator made a codicil in which he amended and modified clauses A and B of article Seventh of the will but made no change in clause C. The codicil repeated clauses A and B with practically the same wording except that in clause A testator eliminated the power of appointment which had been given to his wife, and in clause B he eliminated the words “or on her death in the event that the power of appointment given her in the preceding clause of this will has not been exercised by her ”. The clauses as rewritten by the codicil then read:
*583 “A. In case my wife, grace, shall survive me, the Trustees shall pay the income from said Trust to or for the benefit of my wife, grace, in quarter-annual installments. In the event that the income from said Trust is less than Six Thousand and 00/100 ($6000.00) Dollars per annum, my Trustees shall pay from principal to my wife, grace, the difference between said annual income and the sum of Six Thousand and 00/100 ($6000.00) Dollars.
“ B. In the event that my wife shall predecease me, my Trustees shall pay one-half (1/2) of the income of the trust in quarter-annual installments to or for the benefit of my son, robert briggs, and one-half (1/2) of the income of the trust in quarter-annual installments to or for the benefit of my grandchild, william j. briggs. I further direct my Trustees to pay one-quarter (1/4) of the principal of said Trust to my grandson, william j. briggs, on his thirtieth (30th) birthday, and that thereafter two-thirds (2/3) of the income of said Trust shall be paid to or for the benefit of my-son, robert briggs, and one-third (1/3) of the income to or for the benefit of my grandson, william j. briggs, in quarter-annual installments. My Trustees shall pay one-third (1/3) of the then remaining principal of said Trust to my grandson, william j. briggs, on his thirty-fifth (35th) birthday. After the thirty-fifth (35th) birthday of my grandson, william j. briggs, my Trustees shall pay all the income from the remaining principal of said Trust to my son, robert briggs, in quarter-annual installments.
“ My Trustees shall be further authorized, in their absolute discretion to apply from principal an amount not to exceed One Thousand and 00/100 ($1000.00) Dollars in any calendar year for emergencies, to or for each of the following: My son, robert, my daughter-in-law, Catherine, and my grandson, william j. briggs.”
Thus, as rewritten by the codicil, the testator gave the income of the trust to his wife under clause A, and provided by clause B that if his wife predeceased him the income be paid to the son, Robert, and grandson, William, with the principal eventually passing to William or William’s issue just as had been provided under the will. The effect, however, of the deletion of the words “ or on her death ” in clause B was that testator thereby created a situation whereby he made no provision fór a continuation of the trust if his son survived his wife — which is what happened. Also, assuming that the trust should cease on death of the wife, the omission of the words had the effect of creating a situation where there was no disposition of the principal on the wife’s death, because under clause 0, which was not changed by the *584 codicil, the principal was disposed of only when Robert died, or, on the death of the wife if the wife predeceased Robert (which did not happen). Consequently, the trustee requests a construction of the will.
The estate of testator’s wife, Grace, takes the position that the trust ended upon death of the wife and that the corpus is now payable either to her estate, or if not, that the testator died intestate as to the trust corpus and it should pass to his distributees, who would be his wife and son. The son, grandson and the special guardian for a living infant great-grandson take the position that testator intended the trust to continue after his wife’s death for the benefit of his son, Robert, and that the omission of the words ‘ on her death ’ ’ in the codicil was inadvertent. It is the opinion of the court that the testator intended the trust to continue as provided in clause B of the will for the life of his son, Robert when (as happened) the son survived the wife.
Pertinent rules of construction were recently stated in Matter of Thall (18 N Y 2d 186, 192 [1966])The first rule of testamentary construction, of course, is that a will be interpreted to reflect the actual intention of the testator and the second that this intention be ascertained from a reading of the document as a whole. * * * If a general scheme ’ be found, it is the duty of the courts to carry out the testator’s purpose, notwithstanding that general rules of interpretation ’ might point to a different result. * * * Corollary to these broad principles is the doctrine that a court may give effect to an intention or purpose, indicated by implication, where the express language of the entire will manifests such an intention or purpose ’ and the testator has simply neglected to provide for the exact contingency which occurred.” It is also presumed that testator did not intend to die intestate and that he intended to dispose of his whole estate by the will. (Matter of Dammann, 12 N Y 2d 500.) The will and codicil should be read together. (Matter of Hoffman, 201 N. Y. 247; Bloodgood v. Lewis, 209 N. Y. 95, 103; see, also, Matter of Fabbri, 2 N Y 2d 236; Matter of Hayes, 263 N. Y. 219; Matter of Seiner, 261 App. Div. 618, 620, affd. 287 N. Y. 664; Matter of Haber, 281 App. Div. 383, affd. 306 N. Y. 706.)
In this case it seems clear that testator’s dominant purpose and dispositive plan was to provide income for his wife while she lived, and after she died he intended the income to be paid partly to his son, Robert, and partly to his grandson, William, with the entire principal ultimately passing to the grandson or grandson’s issue. Circumstances indicated to the court show *585 that the will of the wife disposes of her estate in a manner quite similar to the disposition made by the testator, and that under both wills the son had the benefit of income only, but was not given any part of principal. In amending and modifying clauses A and B of his will by a codicil only three weeks after he had made the will, it does not seem to the court that testator had any intent to create a situation whereby he might die intestate. The deletion of the power of appointment given his wife shows that he did not intend that the principal of the trust would ever pass to her or to her estate. He obviously thought that the grandson, or grandson’s issue would be the ultimate remainderman on death of the survivor of his wife and son, that his son would outlive his wife and that the trust would continue for the life of his son if his wife died before his son. The grandson is the only ultimate remainderman mentioned in either the will or codicil. Considering the will and codicil as a whole the court is of the opinion that testator’s intent was clearly to provide income for his wife and son with principal ultimately to his grandson. This can be made effective if the trust is continued for the life of the son as originally provided in the will. The court accordingly determines that the omission of the words ‘1 or on her death” was inadvertent, and that the facts support a construction whereby the trust is continued by implication for the life of the son upon the terms and in accordance with the provisions of clause B. The provisions are so construed.