OPINION OF THE COURT
Evans V. Brewster, S.
The petitioners request a construction of article V A of decedent’s will to determine the validity of the bequest made therein which petitioners allege does not comply with the statutory requirements of EPTL 3-3.7.
The decedent died March 31, 1989 leaving a will dated November 26, 1985 and a codicil thereto, dated January 26, 1989, which was admitted to probate as the last will and testament of decedent on April 24, 1989.
Article V A of the will provided as follows: "I give the sum of one million dollars ($1,000,000) each in trust to the Trustee of an inter vivas trust agreement executed on the first day of April, 1979 by and between myself as Grantor and lauren dickstein wood as Trustee, as the same shall exist on the date of my death, known as the Trust for jodi wood *165 and matthew wood, for the benefit of my granddaughter, jodi wood, and for the benefit of my grandson, matthew wood, each sum to be added to the principal of the share being held in trust for my said granddaughter and grandson, and thereafter to be paid over and distributed, and/or to be held, administered, invested and reinvested, and together with the income thereon, to be applied, paid over or accumulated by the said Trustee in the manner provided in the said trust agreement with respect to the shares created thereunder, it being my intention that this gift upon being added to the aforesaid trust fund, shall be treated in all respects as if it were a component part of the principal thereof.”
An inter vivas trust agreement for the benefit of decedent’s two grandchildren, Jodi Wood and Matthew Wood, dated April 1, 1979 was prepared by an attorney and delivered to the decedent for execution. An affidavit of the attorney who prepared the trust agreement was annexed to the report of the guardian ad litem. The attorney confirmed that when the trust agreement was returned to him by the decedent, the signatures of the decedent and of the trustee were affixed thereto, that no form of acknowledgment was annexed to the trust agreement when the agreement was mailed to the decedent and no acknowledgment of either signature was executed or annexed to the trust agreement returned to him.
EPTL 3-3.7 (a) permits a testator to make such a pour-over bequest in his will, "provided that such trust instrument is executed and acknowledged by the parties thereto in the manner required by the laws of this state for the recording of a conveyance of real property, prior to or contemporaneously with the execution of the will, and such trust instrument is identified in such will.” (Emphasis supplied.)
The petitioner urges that as the "1979 trust” was never acknowledged in compliance with the clear dictate of EPTL 3-3.7 (a) nor executed in the presence of anyone, the pour-over bequest made in article V A of the will is a failed disposition.
At least since 1891, the law of New York has been that an unattested document could not be incorporated by reference into a will (Booth v Baptist Church of Christ, 126 NY 215). While some cases have seemingly deviated from such rule (see, Matter of Fowles, 222 NY 222; Matter of Rausch, 258 NY 327), those courts emphasized that the concern of the court was not with mere formalism, but rather with authenticity. Thus in Matter of Fowles (supra, at 232), Judge Cardozo said, "It is a *166 rule designed as a safeguard against fraud and mistake.” Despite these cases which recognized exceptions, questions remained about the "rule against incorporation by reference,” particularly in its application to inter vivas trusts. In 1963 the Temporary Commission on Estates recommended legislation to clarify the validity of pour-overs to inter vivas trusts. The commission suggested legislation to permit a pour-over to a trust evidenced by a written instrument executed by (a) the testator, (b) the testator and some other person or persons, or (c) some other person or persons, provided that such instrument was executed and acknowledged by the parties in the same manner required for the recording of a deed of real property, prior to or contemporaneously with, the execution of the testator’s will. (See, Second Report of Temp St Commn on the Law of Estates, 1963 NY Legis Doc No. 19, at 287.)
EPTL 3-3.7 is clear and explicitly requires that the inter vivas trust instrument be executed and acknowledged by the parties thereto. It is conceded by all the parties hereto that the inter vivas trust was not acknowledged by any of the parties thereto. Thus, the unavoidable conclusion is that the pour-over bequest under article V A of the will is a failed disposition and is invalid.
The conclusion reached in voiding the million dollar legacy to each of two grandchildren of the testator, one of whom is an infant, is not as harsh as it may initially appear. The benefits already accruing to the grandchildren in the inter vivas trust are not affected and are legally vested. By the bequest in the will, the testator undoubtedly desired to grant an additional benefit to the beneficiaries. However, the pour-over bequest would be subject to Federal and New York estate taxes in excess of $2,000,000 and a generation-skipping tax of $500,000. Petitioners believe that without the pour-over bequest, because of the marital deduction, minimum or no estate taxes and no generation-skipping tax will be imposed. Since it is presumed that testators intend to take full advantage of the deductions and exemptions authorized by law (Matter of Choate, 141 Misc 2d 489, 492), it is doubtful that the decedent was fully aware of the tax consequences of his generous bequest.
Both the will and the inter vivas trust agreement specifically authorize a renunciation of a bequest. Article XVI B of the will provides: "In addition to any disclaimer rights conferred by law, I hereby authorize any person at any time within nine (9) months after the date of my death to disclaim *167 in whole or in part any interest, benefit, right, privilege or power granted to such person by this my Will. Any such disclaimer shall be made by duly acknowledged written instrument executed by such person or his or her conservator, guardian, committee, executor or administrator and filed in the court having jurisdiction over this my Will.”
Further article VI of the trust agreement provides that '[wfith the consent of the Trustee, the Grantor or any person may transfer and convey additional property to the trusts by delivering the same to the Trustee or by bequest or devise by will”. (Emphasis added.) While it might appear to be the duty of a trustee to accept cash additions to the trust, such obligation, if any, may be qualified to warrant the trustee to reject the same where sound reasons exist, as appears in this matter, because of the tax consequences. The right given to the trustee under the terms of the trust to accept or reject the gift is unconditional. The responsibility for the exercise of such power is an administrative function of the trustee. Court approval to renounce a disposition for a person under disability required by EPTL 2-1.11 (c) does not encompass a trustee and is not mentioned in the statute. The petitioners allege that the mother of the two beneficiaries of the bequest involved herein, who is also one of the executors of the estate and is the sole trustee of the 1979 trust, has indicated her intention to file a timely renunciation.
The evidence established that the trust agreement dated April 1, 1979 was not acknowledged by the grantor or the trustee. Therefore, pursuant to the provisions of EPTL 3-3.7 (a), the bequest made under article V A of the will is a failed disposition which is ineffective. The petition to construe article V A of decedent’s will to invalidate the bequest therein is granted.
The guardian ad litem is commended for his thorough analysis of the legal questions raised and his excellent report.