OPINION OF THE COURT
Conrad H. Lang, Jr., S.
This is a contested construction proceeding. The court is *460 called upon to determine the residuary beneficiary of the last will and testament of John F. O’Brien.
Paragraph fourth of the decedent’s last will and testament dated December 29, 1989, reads as follows: "All of the rest, residue and remainder of my estate, both real and personal and of whatever nature and wherever situate, hereinafter referred to as my 'residuary estate’, I give, devise and bequeath to the john f. o’brien foundation to be held in trust, and disposed of exclusively for charitable, religious and educational purposes as enumerated in the Foundation’s Trust Agreement.”
The facts in this matter are as follows:
On December 29, 1989, the same day on which he executed his will, the decedent also established an inter vivas trust referred to as the "John F. O’Brien Foundation”. This trust instrument was signed by the decedent as trustor and by Roseanna Biondo as trustee. The instrument was signed by a notary public using the words "signed, sealed and delivered in the presence of Elizabeth A. Wall, notary”. The instrument was not otherwise acknowledged and specifically did not contain an acknowledgment clause.
The petitioner, Rosemary Campbell, who is decedent’s sister and sole distributee, contends that the aforesaid paragraph fourth was an endeavor by the decedent to "pour over” his residuary estate to the John F. O’Brien Foundation Trust. Petitioner contends, however, that this "pour over” provision must fail because the John F. O’Brien Foundation is not a valid trust. Petitioner contends further that since paragraph fourth is not a valid testamentary disposition, the decedent must be deemed to have died intestate and his residuary estate should then pass to his sole distributee.
Petitioner relies on EPTL 3-3.7 (a) thereof, which states in part as follows: "A testator may by will dispose of or appoint all or any part of his estate to a trustee of a trust, the terms of which are evidenced by a written instrument executed by the testator, the testator and some other person, or some other person * * * provided that such trust instrument is executed and acknowledged by the parties thereto in the manner required by the laws of this state for the recording of a conveyance of real property, prior to or contemporaneously with the execution of the will, and such instrument is identified in such will.”
The petitioner contends that the trust is invalid since it was *461 not "executed and acknowledged by the parties thereto in the manner required by the laws of this state for the recording of a conveyance of real property”, and therefore cannot receive the "pour over” bequest set forth in paragraph fourth of decedent’s will. The respondents, the executrix and the Attorney-General advanced several reasons why the "pour over” provision through the trust should be upheld. They contend that since the trust instrument was signed by a notary public, stating that it was "signed, sealed and delivered” in her presence, there is sufficient compliance with the basic intent of EPTL 3-3.7 (a). They further contend that the court should apply the ancient doctrine of cy pres as set forth in EPTL 8-1.1 to uphold the "pour over” bequest to the charitable foundation trust.
As with any construction proceeding, the first and foremost consideration of the court is to ascertain and to give effect to the testator’s intentions. (Matter of Jones, 38 NY2d 189; Matter of Kosek, 31 NY2d 475; Matter of Flyer, 23 NY2d 579; Matter of Thall, 18 NY2d 186; Matter of Dammann, 12 NY2d 500; Matter of Larkin, 9 NY2d 88; Matter of Fabbri, 2 NY2d 236.) It is well settled that the courts may not rewrite wills, however, the courts should give effect to the testator’s evident intent where the consequences of a literal construction are so unreasonable that a sensible testator cannot be supposed to have intended or approved them. It is evident to the court that the testator intended to "pour over” his residuary estate to the John F. O’Brien Foundation.
In determining whether or not paragraph fourth creates a valid "pour over” bequest to an inter vivas trust, the court must first start with an analysis of what is often referred to as the doctrine of incorporation by reference. This rule provides that an extrinsic writing must be in existence at the date that the will is executed and must be identifiable with reasonable certainty. Although New York does not allow incorporation by reference, case law and the statutes have indicated numerous exceptions. One notable exception is found in the aforementioned EPTL 3-3.7.
The petitioner relies heavily on the provision in EPTL 3-3.7 (a) which states as follows: "[P]rovided that such trust instrument is executed and acknowledged by the parties thereto in the manner required by the laws of this state for the recording of a conveyance of real property, prior to or contemporaneously with the execution of the will, and such trust instrument as identified in such will.” Petitioner cites Matter of *462 Dickstein (146 Misc 2d 164) wherein it was held that a $2 million bequest to an inter vivas trust created six years before the execution of the will was invalid because the trust instrument was not properly acknowledged by the parties thereto.
However, Matter of Dickstein (supra) can be distinguished from the present case in two important ways. First of all, the attempted "pour over” bequest in Matter of Dickstein was not a charitable bequest, but was rather a bequest to an inter vivas trust created for the benefit of testator’s grandchildren. In addition, if the court had upheld the "pour over” bequest, it would have subjected the estate to Federal and New York State taxes reported to be in excess of $2 million and a generation-skipping tax reported to be of $500,000. In having the "pour over” bequest declared invalid, the estate therefore realized substantial tax savings.
To further distinguish this case from Matter of Dickstein (supra) and to advance their arguments that there are exceptions to the doctrine of incorporation by reference, the respondents have cited such New York cases as Matter of Fowles (222 NY 222), Matter of Rausch (258 NY 327) and Matter of Tiffany (157 Misc 873). Moreover, it should be noted that EPTL 3-3.7 does not state that the lack of a proper acknowledgment will necessarily cause a bequest or other disposition to fail.
The respondents contend that the reluctance of New York courts to adopt the doctrine of incorporation by reference is due to their concern for safeguarding against fraud and mistake. In the case before the court, there appears to be no doubt concerning the authenticity of the trust instrument. The John F. O’Brien Foundation is registered with the New York State Department of Law Charities Bureau as a charitable foundation and reports on an annual basis. The foundation has also filed Form 9900-PF returns of Private Foundations to the Internal Revenue Service since its inception.
Other rules of construction are also available to the court in making its determination as to the validity of the "pour over” bequest of the trust. Whenever possible, New York courts have interpreted wills so as to avoid intestacy. The law favors a construction that a testator intended to make a valid disposition of his entire estate. "The idea of anyone deliberately proposing to die testate as to a portion of his estate, and intestate as to another portion, is so unusual in the history of testament dispositions, as to justify almost any construction to escape from it.” (2 Redfield, Wills, at 235 [3d ed].)
*463 Furthermore, the respondents contend that: "Where a testator has apparently sought to leave money for a charitable purpose, a liberal construction is to be given to the terms of the will in order to uphold it and validate the bequest.” (Matter of Potter, 307 NY 504; see also, Matter of Pattberg, 306 NY 835.)
Respondent’s memorandum of law states that the charitable foundation has significance independent from the testamentary disposition and should be recognized by this court. (See, 4A Scott, Trusts § 358 [4th ed].) The courts of this State strongly favor the sustaining of charitable bequests and will uphold same if a bequest is made in favor of a charitable trust or foundation in the testamentary instrument despite failure of the testator to repeat the trust terms specifically in the testamentary instrument. The law attempts to avoid an intestacy and any construction which favors a residuary disposition should be upheld and sustained whenever possible. (Waterman v New York Life Ins. & Trust Co., 237 NY 293; Matter of Winburn, 265 NY 366.)
Chief Judge Cardozo in Matter of Rausch (258 NY 327, supra) indicates that a testator may enlarge the subject matter of an existing trust by identifying the trust deed and the extent and nature of the increment. In the instant case, although there was no acknowledgment, the trust instrument was notarized, a process where the affiant swears under oath to be the party who executed the instrument. In this case the foundation was in existence for a long time as a legal entity as evidenced by the fact that it had been registered with the New York State Department of Law and filed tax returns with the Internal Revenue Service. EPTL 8-1.1 (c) indicates that whenever it appears to a court that circumstances have so changed since the execution of an instrument making a disposition for charitable, etc., purposes as to render impracticable or impossible a literal compliance with the terms of such disposition, the court may on application of the trustee or of the person having custody of the property subject to the disposition and on such notice as the court may direct make an order or decree directing that such disposition be administered and applied in such manner as in the judgment of the court will most effectively accomplish this general purpose free from any specific restriction, limitation or direction contained therein under the doctrine of cy pres. It is not the policy of the courts of this State to allow a gift in which a testator evidences a general charitable intent to fail.
*464 The conclusion of the Attorney-General is that the bequest of the John F. O’Brien Foundation should be sustained by the court for the above set forth reasons or, in the alternative, title to the residuary estate herein should vest with the court and the court should direct the assets to be paid in such a manner as it shall seem just, applying the doctrine of cy pres as set forth in EPTL 8-1.1 (c). In Matter of Shrifte (NYLJ, June 12, 1992, at 22, col 4), Surrogate Preminger validated a gift to an unknown charity which identity was to be supplied by extrinsic documents from the testator. These documents never materialized. In upholding the charitable bequest, the court stated: "Since the only element is the clear identification of charitable beneficiaries, the gift will not fail.” (Supra.) In the Shrifte case, the court directed the executor to submit an affidavit proposing appropriate charitable recipients of the bequest under Article Fourth (C) based on decedent’s pattern of giving. In the instant case, the identity of the charity is easily identifiable since it is stated in the decedent’s will. The pattern of giving is clear: $100,000 in 1989 when the decedent formed the foundation and the bulk of his estate upon his death. The obvious intent of the decedent expressed both in the will and by the trust instrument was that the bequest was to go to the charitable foundation.
In summary, it appears that in this case established principles of law are in conflict. One is that an inter vivas trust must be acknowledged in the same form as a deed in order to be incorporated by reference in a will. The other is that the law (a) attempts to avoid an intestacy and (b) will attempt, if at all possible, to support a bequest to a charity. The cases support the proposition that the intent of the testator is paramount and should be followed unless there is some glaring inequity in doing so. It should be noted that EPTL 3-3.7 does not state that the lack of a proper acknowledgment will necessarily cause a bequest or other disposition to fail, nor does it mention or refer in any way to charitable bequests.
Having considered the facts and the cases cited, it is the court’s decision that the said paragraph fourth of the last will and testament of John F. O’Brien creates a valid "pour over” bequest to the John F. O’Brien Foundation. Accordingly, the executrix is directed to pay over the residuary estate to respondent, Roseanna Biondo, as trustee of the John F. O’Brien Foundation.